970 A.2d 1131

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Matthew Wayne DIETRICH, Appellant.**

Supreme Court of Pennsylvania.

Argued May 12, 2008.

Resubmitted April 30, 2009.

Decided May 27, 2009.

tion process is subject to a doctor's oversight in no way approaches such a specification.

Matthew Raymond Gover, Esq., Nealon, Gover & Perry, Harrisburg, for Matthew Wayne Dietrich.

Edward Michael Marsico, Jr., Esq., James Patrick Barker, Esq., Dauphin County District Attorney's Office, Jason Eugene McMurry, Esq., for Commonwealth of Pennsylvania.

BEFORE: CASTILLE, C.J., and SAYLOR, EAKIN, BAER, TODD, McCAFFERY and GREENSPAN, JJ.

### OPINION

Justice EAKIN.

Appellant drove across the center line and struck another vehicle head-on. The driver of the other vehicle, Harold Zimmerman, sustained serious injuries; his father and passenger, Earl Zimmerman, sustained fatal injuries. A blood test revealed appellant's blood alcohol content was 0.18%.

Appellant pled guilty to driving under the influence (DUI), homicide by vehicle while DUI, aggravated assault while DUI, and summary offenses. In December, 2004, appellant was sentenced to 30 days to 12 months for the DUI conviction and concurrent sentences of five years incarceration for the homicide by vehicle while DUI and aggravated assault counts. Of present import, the sentencing court and parties discussed the interplay between mandatory restitution to the victims, the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 *et seq.*, and a pending civil law suit. N.T. Trial, 12/15/04, at 5–7. Following the discussion, the sentencing court ordered restitution of $10,000 to each victim, but indicated the order could be modified. The court provided:

I will order at this count [appellant] pay restitution to the victim, Harold Zimmerman, in the amount of $ 10,000. But

I want restitution memoranda of some sort from each of you within ten days. There's a possibility I'll amend that taking into account the restitution information that's already been provided in your respective positions.

*Id.*, at 9. The court similarly noted the $10,000 restitution payable to Earl Zimmerman's estate was subject to modification. *See id.*

Over six months later, in June, 2005, the sentencing court amended the restitution order to provide $111,233.93 to Earl Zimmerman's estate and $4,258 to Harold Zimmerman. The court did not explain its reasons for the amendment. Appellant appealed, arguing the sentencing court lacked jurisdiction to amend the order more than 30 days after its entry. *See* 42 Pa.C.S. § 5505 (except as otherwise provided by law, court may modify orders within 30 days after entry). The Commonwealth conceded error, but requested the Superior Court remand for resentencing rather than vacating the amended restitution order and reinstating the original order.

The Superior Court vacated the judgment of sentence and remanded for resentencing. More specifically, the court interpreted § 1106(c)(2) of the Crimes Code, 18 Pa.C.S. § 1106(c)(2),[1] as requiring the manner and amount of restitu-

1.  18 Pa.C.S. § 1106 provides, in relevant part (with emphasis added):
    *(a) General rule.*—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
    *(c) Mandatory restitution.*—
       (1) The court shall order full restitution:
       (i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss.... The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company.
       (2) *At the time of sentencing the court shall specify the amount and method of restitution.* ...
       (3) *The court may, at any time* or upon the recommendation of the district attorney that is based on information received from the

tion to be determined at the time of sentencing if restitution is imposed as a direct sentence. *Commonwealth v. Dietrich,* No. 1255 MDA 2005, unpublished memorandum at 4 (Pa.Super. filed September 15, 2006) (citing *Commonwealth v. Mariani,* 869 A.2d 484, 485–86 (Pa.Super.2005); *Commonwealth v. Deshong,* 850 A.2d 712, 715–16 (Pa.Super.2004); *Commonwealth v. Wozniakowski,* 860 A.2d 539 (Pa.Super.2004)). The court recognized since § 1106(c)(3)

> specifically provides that the court must state "its reasons and conclusions as a matter of record for any change or amendment," it is logical to conclude that those reasons must support a modification and embody something that was not known and could not have been reasonably ascertained at the time the original order was entered.

*Dietrich,* at 4 (quoting *Commonwealth v. Ortiz,* 854 A.2d 1280, 1282–83 (Pa.Super.2004) (*en banc* )); *see* 18 Pa.C.S. § 1106(c)(3) (court may alter or amend restitution order if court states reasons as matter of record). Based on this analysis, the court invalidated the original restitution order, stating:

> [T]here is no discernable reason why the specific amounts of restitution owed the victims could not have been determined prior to sentencing. . . . If there was a legal issue regarding whether the court could order restitution to the victims beyond the $10,000 . . ., it should have been resolved prior to sentencing or sentencing deferred. Once 30 days had passed, the sentencing court lost jurisdiction to modify or amend the order of restitution, absent new information received supporting a modification.

> > victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, *alter or amend any order of restitution* made pursuant to paragraph (2), *provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.* (4) (i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.
> > *Id.* (emphasis added).

*Dietrich,* at 5 (citing 42 Pa.C.S. § 5505; 18 Pa.C.S. § 1106(c)(3)).

Appellant claims the Superior Court erred in remanding for resentencing, instead of reinstating the sentencing court's original restitution order. We granted allowance of appeal. Because the legality of the restitution orders is challenged here, our standard of review is whether an error of law occurred. *See In re M.W.,* 555 Pa. 505, 725 A.2d 729, 731 n. 4 (1999) (restitution entered without authority implicates legality of sentence, not discretionary aspect of sentence); *Commonwealth v. Opperman,* 780 A.2d 714, 718 (Pa.Super.2001) (restitution entered without jurisdiction implicates legality of sentence).

Appellant initially posits the validity of the sentencing court's original restitution order is not disputed, and that its amendment beyond 30 days of entry violates his due process rights. He asserts the Superior Court's decision to remand this matter for resentencing is inappropriate, and maintains the Superior Court should have vacated the amended order and reinstated the original order. *See* Appellant's Brief, at 14–16 (citing *Wozniakowski, supra.*)

The Commonwealth argues the sentencing court properly modified the original restitution order beyond 30 days of entry because the original order was illegal, *see* 18 Pa.C.S. § 1106(c)(2) (court shall specify amount and method of restitution at sentencing); *Mariani,* at 485–86 (interpreting § 1106 as prohibiting open-ended restitution orders); as a sentencing court has inherent authority to correct patent errors despite the passing of time, the court did not err in amending the order. Commonwealth's Brief, at 9–10 (citing *Commonwealth v. Holmes,* 593 Pa. 601, 933 A.2d 57, 65 (2007) ("[L]imits of jurisdiction enshrined in Section 5505 do not impinge on that time-honored inherent power of courts.")). Further, the Commonwealth argues a due process violation is not apparent because appellant knew the court's failure to order full restitution left the sentence open to modification, and thus was illegal.

Superior Court jurisprudence properly notes the general rule: restitution must properly be included in a sentence. *Commonwealth v. Dinoia,* 801 A.2d 1254, 1257 n. 1 (Pa.Super.2002); *Commonwealth v. Torres,* 396 Pa.Super. 573, 579 A.2d 398, 401 (1990). Section 1106(c)(2) provides that "[a]t the time of sentencing the court shall specify the amount and method of restitution." 18 Pa.C.S. § 1106(c)(2). Further, "[i]t shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered; ... based upon information solicited by the district attorney and received from the victim." *Id.,* § 1106(c)(4)(i). In *Dinoia,* the Superior Court held these requirements "provide[ ] the defendant with certainty as to his sentence, and at the same time allow[ ] for subsequent modification [pursuant to § 1106(c) ], if necessary." *Dinoia,* at 1257.

Turning to the matter at hand, we disagree with the Superior Court's determination that the sentencing court's original restitution order violated § 1106(c)(2). This section provides "[a]t the time of sentencing the court shall specify the amount and method of restitution." 18 Pa.C.S. § 1106(c)(2). The Superior Court interpreted this language as invalidating the original restitution order, which states it was subject to modification. *Dietrich,* at 4 ("open-ended, indeterminate order of restitution is illegal").

In support, the Superior Court cited *Mariani, Deshong,* and *Wozniakowski.* In these cases, the Superior Court invalidated restitution orders which postponed determining any restitution amount until after sentencing. *See Mariani,* at 485 (without setting any restitution amount, sentencing court directed restitution amount be determined subsequent to sentencing); *Deshong,* at 715 (same); *Wozniakowski,* at 541 (same). Unlike *Mariani, Deshong,* and *Wozniakowski,* however, the sentencing court here originally ordered appellant to pay $10,000 to each victim. This directive comported with § 1106's mandate to set restitution at sentencing. *See* 18 Pa.C.S. § 1106(c)(2).

In addition, the sentencing court's indication it might modify the order does not invalidate it. We recognize the tension between having finality in the restitution order at sentencing and the desire to have a sentence imposed speedily. Rule 704 of the Rules of Criminal Procedure requires imposition of a sentence within 90 days of conviction or the entry of a plea. *See* Pa.R.Crim.P. 704(A)(1). However, full restitution amounts are often undeterminable within the 90–day period.[2] The Comment to Rule 704 recognizes this and provides that if the full amount of restitution cannot be determined at the time of sentencing, the judge should state on the record the basis for determining the amount set at sentencing. *See id.,* cmt. ¶ 20 ("In all cases in which restitution is imposed, the sentencing judge must state on the record the amount of restitution, if determined at the time of sentencing, or the basis for determining an amount of restitution."). Further, the legislature provides sentencing courts broad authority to amend restitution orders at any time, if the court provides its reasons for doing so as a matter of record. *See* 18 Pa.C.S. § 1106(c)(3).

Here, the sentencing court originally set the restitution based on information it received from the parties during the sentencing hearing. N.T. Sentencing, 12/15/04, at 5–6. While an open issue remained at sentencing as to whether $10,000 constituted full restitution, the court nevertheless determined $10,000 per victim was appropriate based on party submissions at that time. *Id.,* at 9. Neither party objected to the amounts as speculative or excessive, *id.,* at 5–6, and the sentencing court fully complied with § 1106(c)(2)'s requirement to set a restitution amount. Under these circumstances, no error is apparent, and the original restitution order is not illegal.

However, there was legal error in the modification of the original restitution order beyond 30 days from entry. Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505, provides: "Ex-

---

**2.** A typical example would be ongoing medical expenses related to the injuries caused by a defendant. *See generally Commonwealth v. Wesley,* 889 A.2d 636 (Pa.Super.2005) (full restitution for victim's personal injuries not determinable at sentencing).

cept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal for such order has been taken or allowed." *Id.* A casual reading of the statute indicates the sentencing court violated § 5505 by modifying the original restitution order over six months after entry.

However, § 1106(c)(3) provides a sentencing court may modify restitution orders at *any time* if the court states its reasons as a matter of record. 18 Pa.C.S. § 1106(c)(3) (emphasis added). That said, the Commonwealth does not argue the sentencing court properly modified the original restitution order pursuant to § 1106(c)(3), perhaps because the court issued its order modifying restitution without explanation. Trial Court Order, 6/30/05; Original Record, at 29–1. Because the sentencing court modified a valid restitution order beyond 30 days from entry without providing reasons as a matter of record, the amended restitution order is not in compliance with 18 Pa.C.S. § 1106(c)(3) or 42 Pa.C.S. § 5505.

Finally, we reject the Superior Court's conclusion the reasons to support a modification must "embody something that was not known and could not have been reasonably ascertained at the time the original order was entered." *Dietrich,* at 4. We have emphasized on numerous occasions " '[w]hen the words of a statute are clear and free from all ambiguity, they are presumed to be the best indication of legislative intent.' " *Chanceford Aviation Properties, L.L.P. v. Chanceford Township Board of Supervisors,* 592 Pa. 100, 923 A.2d 1099, 1104 (2007) (quoting *Hannaberry HVAC v. Workers' Compensation Appeal Board (Snyder, Jr.),* 575 Pa. 66, 834 A.2d 524, 531 (2003).) The plain language of § 1106(c)(3) provides courts with broad authority to modify restitution amounts at *any time* if the court states reasons for doing so as a matter of record. 18 Pa.C.S. § 1106(c)(3) (emphasis added). There is no statutory requirement the reasons for modification be undiscoverable at the time of sentencing. Section 1106(c)(3)'s broad language indicates a legislative intent that courts have jurisdiction to modify restitution orders at any time without

regard to when information should have been present for consideration. *Id.; cf.* 42 Pa.C.S. § 5505.

Based on the foregoing, we reverse the Superior Court to the extent it vacated the original restitution order, and we reinstate the original order. In addition, we vacate the amended restitution order and remand to the sentencing court, noting that any subsequent modification of the original restitution order be in compliance with 18 Pa.C.S. § 1106(c)(3).

Jurisdiction relinquished.

Justice TODD, Justice McCAFFERY and Justice GREENSPAN join the opinion.

Justice SAYLOR files a dissenting opinion in which Chief Justice CASTILLE and Justice BAER join.

Justice SAYLOR, dissenting.

I respectfully differ with the majority's position that the original restitution order contained within the judgment of sentence was lawful. *See* Majority Opinion, at 61–64, 970 A.2d at 1133–34.

As the Commonwealth explains, a plain reading of Section 1106 requires the sentencing court to: consider a recommendation for restitution presented by the district attorney's office, 18 Pa.C.S. § 1106(c)(2)(i), (4); direct "full restitution," 18 Pa.C.S. § 1106(c)(1); and specify the amount and method of this full restitution, 18 Pa.C.S. § 1106(c)(2). This simply did not occur in this case.

Initially, the district attorney apparently fulfilled his obligation of making a recommendation by presenting the sentencing court with three claims, totaling approximately $660,000. *See* N.T., December 15, 2004, at 2. However, there was no on-the-record discussion of the support for such an amount. The $10,000 figure selected by the court appears to derive from an oblique reference by Appellant's attorney to the limits of a policy of automobile insurance pertaining to one of the accident vehicles. *See* N.T., December 15, 2004, at 5–6, 9. Such figure, viewed in the abstract (as it was at the sentencing proceedings here), obviously bears no meaningful

relation to the subject of Section 1106, namely, the "fullest compensation" to victims for their losses. 18 Pa.C.S. § 1106(c)(1)(i). In the absence of some record explanation supporting the victims' claims, the sentencing court does not appear to have been in a position to accomplish its statutory duty to evaluate the district attorney's recommendation, and the $10,000 figure appears essentially to have been used as little more than a placeholder. *See, e.g.,* N.T. December 15, 2004, at 9 (reflecting the sentencing court's explanation that, "[r]estitution to be payable . . . in the amount of $10,000 *for today's purposes only,* subject to my request that you each provide me with the statement . . . to what restitution should actually be" (emphasis added)).[1]

Given the above, I am unable meaningfully to distinguish the restitution directive in this case from the sort of pure open-ended ones which the Superior Court previously has disapproved. *See, e.g., Commonwealth v. Mariani,* 869 A.2d 484, 486–87 (Pa.Super.2005) (explaining that "an order of restitution to be determined later is *ipso facto* illegal").[2] Indeed, permitting the common pleas courts to use a placeholder methodology based on the kind of minimal information garnered by the sentencing court here would substantially undermine: the enforceability of the obligation of district attorneys to make informed recommendations; the courts' obligations to undertake a meaningful assessment at sentencing; and the prohibition against open-ended orders. *Cf. Commonwealth v. Ortiz,* 854 A.2d 1280, 1283 (Pa.Super.2004) (commenting that elements of Section 1106 "would be rendered meaningless if the Commonwealth could just come up with any figure and then move to modify it later").[3]

1. In these circumstances, the majority's understanding that "an open issue remained at sentencing as to whether $10,000 constituted full restitution," Majority Opinion, at 64, 970 A.2d at 1134–35, appears to be an understatement. Even so, in my view, this perspective alone evidences the tension between the majority's reasoning and Section 1106(c)'s requirement that a sentencing court provide for "full restitution." 18 Pa.C.S. § 1106(c)(1).

2. The majority does not disturb the intermediate appellate court decisions holding that open-ended restitution orders are unlawful. Thus, they presently embody the prevailing law of the Commonwealth.

I recognize the difficulties confronting the Commonwealth and the common pleas courts in determining appropriate restitution. Nevertheless, since the relevant statutory directives are clear, I can find no fault in the Superior Court's handling of this and the numerous similar matters which continue to arise.[4]

Thus, I would affirm the Superior Court's order in this case.

Chief Justice CASTILLE and Justice BAER join.

<hr />

3. The majority aptly highlights that, particularly in cases involving personal injury, the victims' full losses may not yet have accrued as of the time of sentencing. Therefore, there are situations in which full restitution cannot be determined. *See* Majority Opinion, at 64, 970 A.2d at 1134. As the Superior Court has recognized, however, this does not excuse common pleas courts from making the best assessment possible of the losses accrued to date. Similarly, the Legislature's prescription from modification of restitution orders at any time, *see* 18 Pa.C.S. § 1106(c)(3), which may be primarily to account for later-accruing losses, does not alter the statutory directives plainly requiring a meaningful assessment of existing losses.

In the present case, no representation was made to the sentencing court that the $10,000 figure represented the best available assessment of victim losses incurred prior to sentencing.

4. Indeed, in the absence of an adequate record developed in the common pleas courts, the Superior Court is confronted with its own set of difficulties in accomplishing the essential appellate review. I support its effort to address those difficulties by requiring better development in the common pleas courts in the first instance.