J-S63021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICHARD E. NACHAJSKI | |
| Appellant | No. 119 MDA 2014 |

Appeal from the PCRA Order December 17, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000794-2011

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.        **FILED NOVEMBER 10, 2014**

Appellant, Richard E. Nachajski, appeals from the order entered December 17, 2013, by the Honorable Scott D. Keller, Court of Common Pleas of Berks County, which denied his joint petition under the Post Conviction Relief Act (PCRA) and for modification of restitution.  We affirm.

On August 6, 2012, Nachajski entered an open guilty plea to one count of Theft by Failure to Make Required Disposition of Funds Received,[1] arising out the misappropriation of parish funds during Nachajski's tenure as the priest at St. Anthony of Padua Roman Catholic Church in Berks County.  At the sentencing hearing on September 27, 2012, the parties represented to the court that restitution had been agreed to in the amount of $425,000.00.

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] 18 PA.CONS.STAT.ANN. § 3927(a).

*See* N.T., Sentencing, 09/27/12 at 3. Thereafter, the court sentenced Nachajski to two to seven years' imprisonment and ordered Nachajski to pay $425,000.00 in restitution. Nachajski did not file post-sentence motions or pursue a direct appeal.

On August 20, 2013, Nachajski filed a Motion Under the Post-Conviction Relief Act and for Modification of Restitution. The lower court held a hearing on Nachajski's motion on November 4, 2013. On December 17, 2013, the court denied Nachajski's petition for PCRA relief and for modification of restitution. This timely appeal followed.

Nachajski raises the following issues on appeal:

1) Whether the [l]ower [c]ourt erred in denying [Nachajski] relief under the Post Conviction Relief Act in that [Nachajski] did show that guilty plea counsel did not properly inform [Nachajski] that he could challenge the restitution amount? Specifically[,] [guilty] [p]lea [c]ounsel never informed [Nachajski] that he would have a right to seek a restitution determination from the [c]ourt and that [Nachajski] was not obligated to accept the determination of the District Attorney.

2) Whether the [c]ourt erred in not permitting [Nachajski] to present evidence of the inaccuracies of the restitution determination made by the District Attorney at the time of the hearing in this matter? If [Nachajski] had been permitted to present evidence of same he could have shown that more than half of the restitution claimed was actually spent on legitimate purposes and had not been stolen….

3) Whether the [l]ower [c]ourt erred in not granting [Nachajski] a restitution hearing pursuant to 18 Pa. C.S.A. 1106(c)(3) as a [c]ourt has the ability to modify a restitution amount at any time for good cause shown? Specifically[,] [Nachajski] did show good cause as he was never informed of his right to a restitution hearing and was never given a chance to present evidence of the inaccuracy of the restitution figure.

Appellant's Brief at 6.

We review the lower court's denial of a PCRA petition as follows. "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

To determine whether the PCRA court erred in dismissing the claims of ineffective assistance of counsel, we turn to the following principles of law:

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place … Appellant must

- 3 -

demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

**Commonwealth v. Johnson**, 868 A.2d 1278, 1281 (Pa. Super. 2005).

Moreover, "[w]e presume counsel is effective and place upon Appellant the burden of proving otherwise." **Commonwealth v. Springer**, 961 A.2d 1262, 1267-1268 (Pa. Super. 2008). "This Court will grant relief only if Appellant satisfies each of the three prongs necessary to prove counsel ineffective." **Commonwealth v. Natividad**, 938 A.2d 310, 322 (Pa. 2007). Thus, we may deny any ineffectiveness claim if "the evidence fails to meet a single one of these prongs." **Id**. at 321.

"A criminal defendant has the right to effective counsel during a plea process…." **Commonwealth v. Hickman**, 799 A. 2d 136, 141 (Pa. Super. 2002). "Claims challenging the effectiveness of plea counsel's stewardship during a guilty plea are cognizable under 42 [PA.CONS.STAT.ANN.] § 9543(a)(2)(ii)." **Commonwealth v. Lee**, 820 A.2d 1285, 1287 (Pa. Super. 2003) (citation omitted). In **Commonwealth v. Morrison**, 878 A.2d 102 (Pa. Super. 2005), the panel explained that we review allegations of counsel's ineffectiveness in connection with a guilty plea as follows:

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, **see generally Commonwealth v. Kimball,** 555 Pa. 299, 312, 724 A.2d 326, 333 (1999), under which the defendant must show that counsel's deficient stewardship resulted in a manifest

- 4 -

injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. *See*, *e.g.,* [*Commonwealth v.*] *Allen*, 557 Pa. [135,] 144, 732 A.2d [582,] 587 [(1999)] ("Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.")….

*Id*. at 105 (quoting *Commonwealth v. Flanagan*, 854 A.2d 489, 502 (Pa. 2004)) (brackets in original). "This standard is equivalent to the 'manifest injustice' standard applicable to all post-sentence motions to withdraw a guilty plea." *Id*. (citation omitted).

In *Commonwealth v. Dietrich*, 970 A.2d 1131 (Pa. 2009), our Pennsylvania Supreme Court noted that Section 1106(c)(3) of the Crimes Code authorizes a sentencing court to modify restitution orders *at any time* provided the court states its reasons as a matter of record. *Id*. at 1135 (emphasis in original) (citing 18 PA.CONS.STAT.ANN. § 1106(c)(3)). The Court further determined that "Section 1106(c)(3)'s broad language indicates a legislative intent that courts have jurisdiction to modify restitution orders at any time without regard to when information should have been present for consideration." *Id*. Section 1106(c)(3) of the Crimes Code states that:

> The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

18 PA.CONS.STAT.ANN. § 1106(c)(3).  We note that Section 1106(c)(3) does not require a court alter or amend a restitution order, but merely empowers the trial court to do so.

> Although section 1106(c)(3) allows the judge to alter restitution, this does not mean that in every case the judge can alter the restitution award at any time for any reason. There must be justifiable reasons for the modification, and other principles of law must be followed. At some point, finality is needed.

*Commonwealth v. Ortiz*, 854 A.2d 1280, 1282 (Pa. Super. 2004).

With our standards in mind, we have examined the certified record, the briefs of the parties, Judge Keller's memorandum opinion, and the applicable law, and we find that the lower court ably and methodically addressed the issues Nachajski presented on appeal.  We agree with the court that Nachajski fails to establish that counsel was ineffective.  We additionally note that although Nachajski raises a general challenge to the agreed upon restitution amount, he alludes to no specific reasons – justifiable or otherwise – why modification of the restitution amount to which he previously stipulated is warranted.   Accordingly, we affirm on the basis of Judge Keller's memorandum opinion.  *See* Trial Court Opinion, 3/13/14.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA |
| :--- | :--- | :--- |
| | : | |
| v. | : | CRIMINAL DIVISION |
| | : | |
| RICHARD NACHAJSKI | : | No.   794-2011 |
| Defendant | : | KELLER, Judge |

**MEMORANDUM OPINION, S.D. Keller, J. March 13, 2014**

### PROCEDURAL HISTORY

On August 6, 2012, the Defendant entered into an open guilty to one (1) count of Theft by Failure to Make Require Disposition of Funds Received.[1]  The Court held a sentencing hearing on September 27, 2012.  At that hearing, the parties represented to the Court that they had agreed upon a restitution amount of $425,000. (Notes of Testimony, hereinafter N.T., Sentencing, 9/27/12, at 3, 10).  Despite this agreement, the Court entertained a lengthy discussion from the parties on the amount of financial loss.  (N.T., Sentencing, 9/27/12, at 4-12).  On that date, the Court sentenced the Defendant to serve no less than two (2) and no more than seven (7) years in a state correctional facility.  The Court also ordered that Defendant pay $425,000 in restitution.  Defendant was represented at his guilty plea and sentencing hearings by Mary Favinger, Esquire (hereinafter "trial counsel").  No post-sentence motion or direct appeal was filed.

Defendant, through Eric Winter, Esquire (hereinafter "PCRA counsel"), filed a MOTION UNDER THE POST-CONVICTION RELIEF ACT AND FOR MODIFICATION OF RESTITUTION (hereinafter "MOTION") on August 20, 2013.  The Court ordered the Commonwealth on August 26, 2013, to answer the Defendant's MOTION, which the Commonwealth timely did on September 25, 2013.

---

[1] 18 PA. CONS. STAT. § 3927(a).

1

The Court held a hearing on Defendant's MOTION on November 4, 2013. After reviewing the transcript from that hearing, the Court entered an Order on December 17, 2013, denying Defendant's motion for PCRA relief and for modification of restitution. Defendant filed his Notice of Appeal on January 16, 2014. The Court ordered the Defendant on January 17, 2014, to file a Concise Statement of the Errors Complained of on Appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), which PCRA counsel filed on February 7, 2014. The following errors are complained of on appeal:

1. Whether the Court erred in denying the Defendant relief under the Post Conviction Relief Act in that the Defendant did show that guilty plea counsel did not properly inform Defendant that he could challenge the restitution amount? Specifically, Guilty Plea Counsel never informed Defendant that he would have a right to seek a restitution determination from the Court and that Defendant was not obligated to accept the determination of the District Attorney.

2. Whether the Court erred in not permitting the Defendant to present evidence of the inaccuracies of the restitution determination made by the District Attorney at the hearing in this matter? If Defendant had been permitted to present evidence of same, he could have shown that more than half of the restitution claimed was actually spent on legitimate purposes and had not been stolen by Defendant.

3. Whether the Court erred in not granting the Defendant a restitution hearing as pursuant to 18 Pa. C.S.A. 1106(c)(3) a Court has the ability to modify a restitution amount at any time for good cause shown? Specifically Defendant did show good cause as he was never informed of his right to a restitution hearing and was never given a chance to present evidence of the inaccuracy of the restitution figure.

## DISCUSSION

In his MOTION, the Defendant argued that he was entitled to relief under two avenues: (1) the Post Conviction Relief Act (hereinafter "PCRA"), 42 PA. CONS. STAT. § 9541 *et seq.*; and (2) for good cause shown under 18 PA. CONS. STAT. § 1106(c)(3). Defendant's argument for relief under both avenues focused on the effectiveness of trial counsel.

To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "ineffective assistance of counsel which…so undermined the truth-determining process that no reliable adjudication of guilt or

2

innocence could have taken place." 42 PA. CONS. STAT. § 9543(a)(2)(ii). Counsel's effectiveness is presumed and the petitioner has the burden of proving otherwise. *Commonwealth v. Rios*, 920 A.2d 790, 805 (Pa. 2007). In order to establish ineffective assistance of counsel, the petitioner must show: "(1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Kimball*, 724 A.2d 326, 333 (Pa. 1999). If the petitioner fails to establish any prong of the test, the claim of ineffectiveness is defeated. *Commonwealth v. Basemore*, 744 A.2d 717, 738 n.23 (Pa. 2000).

"Before a claim of ineffectiveness can be sustained, it must be determined that, in light of all the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Miller*, 431 A.2d 233, 234 (Pa. 1981) (quoting *Commonwealth v. Hill*, 235 A.2d 347, 349 (Pa. 1967)). Counsel's performance is effective if the course chosen "was reasonably designed to effectuate [the] client's interests." *Rios*, 920 A.2d at 805.

Based upon a review of the entire official record and, in particular, the testimony and evidence presented at the November 4th hearing, the Court concludes that Defendant failed to establish ineffective assistance of counsel entitling him to PCRA relief. The Court believes the testimony established that trial counsel's assistance was reasonably designed to effectuate Defendant's interests and on par with the strategy that competent lawyers would employ in similar circumstances.

The facts surrounding Defendant's theft came to light by way of a forensic audit conducted by the Diocese of Allentown and an investigation by the Berks County District

3

Attorney's Office. (N.T., Sentencing, 9/27/12, at 4-7). The audit originally showed an unaccounted for loss in excess of $475,000. (Commonwealth Exhibit 1 from 11/4/13 – Forensic Audit of St. Anthony of Padua, September 2009). It is clear that the Defendant has contested this amount for the entirety of the proceedings against him. (N.T., Guilty Plea Hearing, 8/6/12, at 6; N.T., Sentencing, 9/27/12, at 8-12; N.T., PCRA Hearing, 11/4/13, at 6-7).

To contest this amount on the Defendant's behalf, Attorney Favinger met with the investigating detective to understand the details of the audit. (N.T., PCRA Hearing, 11/4/13, at 22-23, 27-28, 31). Attorney Favinger also communicated with the District Attorney's Office, including making a counterproposal on the restitution amount. (N.T., PCRA Hearing, 11/4/13, at 24-25; Commonwealth Exhibits 2 & 3 from 11/4/13). Attorney Favinger met with the Defendant on a regular basis and discussed with him on numerous occasions the possibility of hiring a forensic accountant and requesting a restitution hearing. (N.T., PCRA Hearing, 11/4/13, at 28-29, 35-36, 39, 48). Unfortunately, the Defendant was unable to hire a forensic accountant and was unable to provide documentation to support his claims other than handwritten notes. (N.T., PCRA Hearing 11/4/13, at 28-29, 33, 36-37, 49). Despite these limitations, Attorney Favinger was able to secure a $50,000 deduction on the restitution amount.[2] (N.T., PCRA Hearing, 11/4/13, at 31-34). In addition to all of the actions taken on Defendant's behalf, Attorney Favinger testified at the November 4th hearing why she believed that requesting a restitution hearing may have been harmful to Defendant's interests. (N.T., PCRA Hearing, 11/4/13, at 46-47, 49-50).

In alleged error one (1), the Defendant argues that the Court erred in denying him PCRA relief because he showed that Attorney Favinger never properly informed him that he could seek

---

[2] This deduction relates to expenditures that Attorney Favinger was able to document. (N.T., PCRA Hearing, 11/4/13, at 37-38.).

4

a restitution determination from the Court. The Court disagrees with this characterization of the evidence presented at the November 4th hearing. The Court believes that Attorney Favinger did, in fact, discuss the possibilities of hiring a forensic accountant and requesting a restitution hearing with the Defendant. Furthermore, the Court believes that Attorney Favinger pursued a reasonable path by **not** requesting a restitution hearing when the only evidence to present would have been Defendant's handwritten notes and this may have harmed the chosen strategy of avoiding or minimizing jail time after Defendant entered into an open guilty plea. Therefore, the Court believes that Defendant failed to prove that he was entitled to PCRA relief under 42 PA. CONS. STAT. § 9543(a)(2)(ii) and that alleged error one (1) has no merit.

Under 18 PA. CONS. STAT. § 1106(c)(3), the Court may, at any time, alter or amend an order for restitution provided that the Court states its reasons and conclusions for the alteration or amendment on the record. Although this section allows alteration at any time, "this does not mean that in every case the judge can alter the restitution award at any time for any reason. There must be justifiable reasons for the modification, and other principles of law must be followed. At some point, finality is needed." *Commonwealth v. Ortiz*, 854 A.2d 1280, 1282 (Pa. Super. 2004). In *Oritz*, the Pennsylvania Superior Court, while interpreting § 1106(c)(3), stressed the importance of following the terms of plea agreements. *Ortiz*, 854 A.2d at 1283-84. As the Superior Court noted, "[r]estitution was part of the negotiated sentence...and as the passage of time increases, so does one's reliance on the terms of a negotiated agreement." *Ortiz*, 854 A.2d at 1284.

While the Defendant entered into an open guilty plea in August 2012, through trial counsel, he agreed to the $425,000 restitution amount at his September 2012 sentencing hearing. (N.T., Sentencing, 9/27/12, at 3, 10; N.T., PCRA Hearing, 11/4/13, at 34-35). Therefore, the

only justifiable reason which would support modification of the restitution amount is ineffective assistance which induced this agreement. At the November 4th hearing, Defendant's PCRA counsel agreed that trial counsel's ineffectiveness would represent the justifiable reason for the requested modification. (N.T., PCRA Hearing, 11/4/13, at 3-4, 51).

In alleged errors two (2) and three (3), the Defendant argues that the Court erred by not holding a restitution hearing pursuant to 18 PA. CONS. STAT. § 1106(c)(3) so he could present evidence on the inaccuracies of the restitution amount. Because the Court has concluded that trial counsel's stewardship was reasonable and her assistance was effective, there exists no justifiable reason to modify the restitution amount. The Defendant, through trial counsel, agreed to the restitution amount and he has not shown that this agreement was induced by trial counsel's ineffectiveness. Therefore, the Court believes any further hearing on the alleged inaccuracies of the restitution amount is unnecessary and that Defendant's alleged errors two (2) and three (3) are meritless.

For all the reasons above, we respectfully request that Defendant's appeal be **DENIED.**

BY THE COURT:

**Judge Scott D. Keller**

6