J-A09031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MATTHEW WAYNE MITCHELL | |
| Appellant | No. 1804 EDA 2014 |

Appeal from the Order dated May 21, 2014
In the Court of Common Pleas of Pike County
Criminal Division at No: CP-52-CR-0000406-2013

BEFORE: BOWES, DONOHUE, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 10, 2015**

Appellant Matthew Wayne Mitchell appeals from the May 21, 2014 order of the Court of Common Pleas of Pike County ("trial court"), which granted the Commonwealth's motion to modify the amount of restitution imposed. Upon review, we vacate the order and remand the matter to the trial court for issuance of a new order in compliance with Pa.C.S.A. § 1106(c)(3).

The facts and procedural history underlying this case are uncontested. Briefly, in addition to breaking into a residential structure, Appellant along with his co-defendants "stole a silver in color 2005 GMC Canyon . . . and drove it away[.]" Affidavit of Probable Cause, 8/14/13, at ¶ 4. Appellant and his co-defendants "then traveled in the stolen GMC pickup truck to a tributary water near Lake Wallenpaupack[,] placed a rock on the gas pedal

of the vehicle and watched the vehicle travel into the water and submerge out of sight." *Id.* January 2, 2014, Appellant pled guilty to burglary under Section 3502(a)(2) of the Crimes Code ("Code"), 18 Pa.C.S.A. § 3502(a)(2), and two counts of theft by unlawful taking under Section 3921(a) of the Code, 18 Pa.C.S.A. § 3921(a) at docket no. 406-2013.[1] On February 21, 2014, the trial court sentenced Appellant to an aggregate term of 18 to 36 months' imprisonment for the foregoing crimes at docket no. 406-2013. Additionally, the trial court imposed upon Appellant, jointly and severally with his co-defendants, restitution for $800.00. Appellant did not appeal the judgment of sentence. On April 8, 2014, the Commonwealth filed a motion titled "Recommendation of Restitution" under 18 Pa.C.S.A. § 1106(c)(3), requesting the trial court to modify the amount of restitution imposed to include $25,445.59 to the victim Nationwide Insurance ("Nationwide") in connection with the GMC truck. Following a hearing, on May 21, 2014 the trial court granted the Commonwealth's modification request. Appellant filed a timely appeal. Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued its Pa.R.A.P. 1925(a) opinion, addressing, *inter alia*, Appellant's challenge to the trial court's modification of restitution imposed.

---

[1] Appellant also pled guilty to theft by unlawful taking at docket no. 413-2013 and theft by unlawful taking and defiant trespass at docket no. 567-213.

On appeal, Appellant essentially raises two arguments for our review. First, Appellant argues the trial court erred in granting the Commonwealth's motion for modification of restitution because the Commonwealth could have known at the time of sentencing that the amount of restitution sought was subject to modification. Second, Appellant argues the trial court failed to comply with 18 Pa.C.S.A. § 1106(c)(3) to the extent it did not provide on the record its reasons for modification of restitution imposed.

Because Appellant's arguments relate solely to the legality of sentence, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Gentry**, 101 A.3d 813, 817 (Pa. Super. 2014).

Appellant first argues the trial court erred in modifying the restitution imposed because the Commonwealth could have ascertained prior to, or at the time of, sentencing Nationwide's claim for restitution. In support of his argument, Appellant relies on **Commonwealth v. Ortiz**, 854 A.2d 1280 (Pa. Super. 2004) (*en banc*), **appeal denied**, 863 A.2d 1145 (Pa. 2004). In **Ortiz**, we determined an amendment to a restitution sentence entered more than 30 days after the original sentence imposed is appropriate only where it is based on "something that was not known and could not have been

reasonably ascertained at the time of the original order was entered."[2] *Id.* at 1283.

In *Commonwealth v. Dietrich*, 970 A.2d 1131 (Pa. 2009), however, our Supreme Court **expressly rejected** the notion that facts supporting a restitution amendment "must embody something that was not known and could not have been reasonably ascertained at the time the original order was entered." *Dietrich*, 970 A.2d at 1135. The Court explained:

> The plain language of § 1106(c)(3) provides courts with broad authority to modify restitution amounts at *any time* if the court states reasons for doing so as a matter of record. 18 Pa.C.S.[A.] § 1106(c)(3) (emphasis added). **There is no statutory requirement the reasons for modification be undiscoverable at the time of sentencing**. Section 1106(c)(3)'s broad language indicates a legislative intent that courts have jurisdiction to modify restitution orders at any time without regard to when information should have been present for consideration. *Id.; cf.* 42 Pa.C.S.[A.] § 5505.

*Id.* (bolded emphasis added). Based on the Court's rationale in *Dietrich*, Appellant first argument is devoid of merit. The trial court was not required to deny the Commonwealth's motion for modification of restitution imposed simply because the Commonwealth could have ascertained Nationwide's loss prior to, or at the time of, sentencing.

Appellant next argues the trial court erred in modifying the amount of restitution imposed without providing its reasons for so doing as a matter of record. We agree.

---

[2] Appellant does not argue the trial court lacked jurisdiction to modify the amount of restitution imposed 30 days after sentencing.

The Crimes Code provides restitution may be altered or amended at any time provided that the court gives its **reasons and conclusions for any change on the record**.[3]   ***See*** 18 Pa.C.S.A. § 1106(c)(3); ***see also Dietrich***, 970 A.2d at 1135 (noting "a sentencing court may modify restitution orders at any time if the court states its reasons as a matter of record").   The Supreme Court in ***Dietrich*** applied Section 1106(c)(3) and concluded that the trial court erred in failing to give its reasons for modification of restitution on the record.   ***Id.***   As a result, the Court vacated the restitution order and remanded the matter to the trial court for resentencing.   ***Id.***

Instantly, the record plainly reveals the trial court, like the trial court in ***Dietrich***, failed to provide on the record its reasons for modifying the amount of restitution imposed to include restitution in favor Nationwide for $25,445.59.   Accordingly, under ***Dietrich***, we must vacate the May 21, 2014 order and remand this case to the trial court for issuance of a new order in

---

[3] Section 1106(C), relating to mandatory restitution, provides in pertinent part:

> (3) The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim . . . alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

18 Pa.C.S.A. § 1106(c)(3).

accordance with 18 Pa.C.S.A. § 1106(c)(3). Specifically, on remand, the trial court is directed to provide its reasons for modification on the record.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2015