J-S32018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EARL FRANCIS DEMBY | |
| Appellant | No. 2385 EDA 2015 |

Appeal from the Judgment of Sentence July 9, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003388-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EARL FRANCIS DEMBY | |
| Appellant | No. 2386 EDA 2015 |

Appeal from the Judgment of Sentence July 9, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006511-2014

BEFORE:  BOWES, J., MUNDY, J., and PLATT,[*] J.

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:**FILED JULY 20, 2016**

I agree that the sentence of incarceration must be vacated and remanded for imposition of a Risk Recidivism Reduction Incentive sentence. However, I disagree with my distinguished colleagues that the restitution

_____
*  Retired Senior Judge assigned to the Superior Court.

award must also be vacated. I dissent from that portion as I believe the restitution award may be upheld as a reasonable condition of rehabilitation.

The restitution award herein was imposed for Appellant's failure to return a Soberlink device. Appellant was ordered to use this device, for a period of 90 days, pursuant to an April 16, 2015 sanction order. This order was prompted by Appellant's failure to comply with all rules and regulations of Delaware County's Veteran's Court Program, which was a condition of the sentence imposed at these two cases. The order represented the culmination of Appellant's failure to abide by those rules over a period of several years. Trial Court Opinion, 11/12/15, at 1.

During this 90-day period, Appellant was twice arrested and charged with new crimes. The County's probation department recommended expulsion from the Veteran's Court Program and resentencing on the underlying crimes. On July 9, 2015, the trial court revoked probation and resentenced Appellant.[1] The Commonwealth further averred that Appellant failed to return the Soberlink device[2] and asked for restitution in the amount of $1,200. The trial court agreed and awarded the full amount.

---

[1] Appellant was also on parole as he had been originally sentenced to county jail with consecutive periods of probation.

[2] Appellant contested this allegation; however, that factual finding is not at issue in this appeal.

The trial court's opinion justified the award as a valid condition of probation or parole under 18 Pa.C.S. § 1106(b), which grants authority to order restitution "pursuant to subsection (a)." That subsection, in turn, mandates restitution for property loss as a direct result of the crimes. I agree with the majority that the loss of the device is not a direct result of any crime for which Appellant was sentenced. Therefore, section 1106(b) cannot justify the reward.

However, it is well settled that a challenge to a court's authority to impose restitution implicates the legality of the sentence. **Commonwealth v. Hall**, 994 A.2d 1141, 1143 (Pa.Super. 2010) (*en banc*). Issues relating to the legality of a sentence are questions of law, and our standard of review over such questions is *de novo*. **Commonwealth v. Gentry**, 101 A.3d 813, 817 (Pa.Super. 2014).

We therefore must take note that Section 1106 of the Crimes Code is not the only statutory basis for restitution. Section 9754 of the Judicial Code governs orders of probation and explicitly provides for the award of restitution in connection with efforts to rehabilitate. That section states, in pertinent part:

> (a) **General Rule.**—In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision.
>
> **(b) Conditions generally.**—The court shall attach such of the reasonable conditions authorized by subsection (c) of this section

as it deems necessary to insure or assist the defendant in leading a law-abiding life.

**(c) Specific conditions.**—The court may as a condition of its order require the defendant:

. . . .

(8) To make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby.

. . . .

(13) To satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience.

42 Pa.C.S. § 9754.

Determining which title justifies the restitution award is crucial. Here, the Appellant contends restitution cannot be imposed because the County is not a "victim" for purposes of the Crimes Code's restitution provision. However, that issue is irrelevant under the Judicial Code's restitution scheme. A recent Supreme Court case, **Commonwealth v. Hall**, 80 A.3d 1204, 1216 (Pa. 2013), illustrates the point. Therein, the Commonwealth sought to affirm the trial court's imposition, as a condition of probation, of a payment of $200 per month to the victim's children. That defendant had been convicted of voluntary manslaughter and received a sentence of five to ten years incarceration plus ten years of probation. Clearly, the restitution could not be justified under the Crimes Code, as the children were not victims within the meaning of the statute, nor was the award a direct result of the crime. The Court observed the interplay between the two competing

restitution statutes to determine whether the restitution award could be upheld:

> **Nothing in the plain language of Section 9754 either specifies or limits the persons who may be proper subjects of restitution or reparation as a condition of probation**, and the terms "restitution" or "reparation" are not defined by the statute. In contrast, the Crimes Code provision that authorizes restitution as part of a direct sentence for a crime involving personal injury expressly limits recovery to the direct victim of the crime: "Upon conviction for any crime . . . wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor." 18 Pa.C.S. § 1106(a) ("Restitution for injuries to person or property: General Rule"). In this case involving a homicide, obviously, the victim himself is deceased and cannot receive restitution. There is no indication that an estate was ever established on behalf of the victim, which could theoretically receive an award of restitution directed to the victim himself. *See e.g., Commonwealth v. Dietrich*, 601 Pa. 58, 970 A.2d 1131 (2009) (sentencing court erroneously amended amount of restitution to victim's estate under Section 1106 beyond deadline for such modification); *Commonwealth v. Lebarre*, 961 A.2d 176 (Pa.Super.2008) (sentencing court did not err in awarding restitution to victim's estate under Section 1106).
>
> The restitution ordered by the sentencing court here was directed toward the victim's children, which no doubt explains why the Commonwealth does not attempt to defend the order on the basis of Section 1106 of the Crimes Code, and why it argues that cases relying on Section 1106 are distinguishable.

*Id*. at 1213-14 (emphasis added). Moreover, *Hall* pointed out that restitution awards under the Judicial Code implicate different considerations than awards under the Crimes Code:

> Thus, a condition requiring the defendant to take some measure of financial responsibility for the consequences of his criminal conduct may be reasonably related to the rehabilitation that probation is designed to foster. **Probation itself is a form of**

> **lenity in the context of criminal sentencing, and so long as essential constitutional liberties and freedoms are not disturbed, sentencing judges have discretion to fashion monetary obligations as conditions under Section 9754(c)(8) and (13)**. Such conditions, so long as they are individualized and reasonable, may provide some measure of redress to those who have suffered financial hardship due to a defendant's crimes, while guiding the defendant towards a law-abiding path. In this case, the sentencing judge stated that she was seeking to assist appellee in understanding the cruelty of his actions, and that her "intent was that the defendant level the field he had disrupted when he killed the other children's father by contributing to their financial support." Tr. Ct. Opinion, 5/12/08, at 4–5. As a theoretical matter, an order like this serves rehabilitative purposes by bringing home the very real consequences of the crime.

*Id*. at 1216 (emphasis added). *Hall* ultimately concluded that the child support orders at issue in the case could not be justified under the statute.

Applying the principles announced in *Hall* to this case, I think it is plain that the Soberlink device was designed to rehabilitate Appellant. The judge exercised lenity by not immediately incarcerating Appellant for his multiple failures to comply with probation. Thus, when the judge revoked probation on July 9, 2015, 42 Pa.C.S. § 9771(b) controlled. That section states that a "court may revoke an order of probation upon proof of the violation of specified conditions of the probation . . . the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing[.]" Accordingly, the award is justified by either subparagraph (13) of 42 Pa.C.S. § 9754(c) ("To satisfy any other conditions reasonably related to the rehabilitation of the defendant . . ."), or subparagraph (8) ("To make restitution of the fruits of his crime or to make

reparations[.]").[3]  As we may affirm a trial court order on any basis supported by the record, I would therefore affirm the restitution award pursuant to § 9754(c).

_____

[3] I would note that the requirement that Appellant return the device in working order after the ninety-day period was a condition of his probation. ***Commonwealth v. Vilsaint***, 893 A.2d 753, 757, n.5 (Pa.Super. 2006) ("The courts have recognized implied conditions of probation, such as do not commit another crime.  Such implied conditions are obvious in nature.") (internal quotation marks omitted).