J-S31004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY LYNN ELDRED | |
| Appellant | No. 431 WDA 2016 |

Appeal from the Order February 29, 2016
In the Court of Common Pleas of Potter County
Criminal Division at No(s): CP-53-CR-0000059-2013

BEFORE:  PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 15, 2017**

Appellant, Gregory Lynn Eldred, appeals from the order entered in the Potter County Court of Common Pleas, granting the Commonwealth's motion to amend the amount of restitution owed by Appellant. As discussed below, we find that the restitution portion of judgment of sentence imposed by the trial court is illegal. Accordingly, we reverse the order and remand for further proceedings.[1]

---

[1] Although the trial court imposed the judgment of sentence on July 16, 2013, as this appeal stems from the order amending the restitution portion of that sentence, we find the appeal timely. ***See Commonwealth v. Wozniakowski***, 860 A.2d 539, 543 (Pa. Super. 2004). ***See also Commonwealth v. Gentry***, 101 A.3d 813 (Pa. Super. 2014) (addressing appeal from order dismissing motion to discharge restitution and reducing restitution amount entered well after imposition of the judgment of sentence).

In December 2012, Appellant shot and killed his ex-wife while she played the organ during Sunday church services. Appellant pled guilty to first-degree murder in exchange for a life sentence without the possibility of parole. As part of Appellant's plea, he agreed to pay restitution so that witnesses to the crime could receive counseling. In its sentencing order, the court wrote that it "will impose additional restitution of $100 so victims may continue to receive counseling for up to six months, said amount to be amended from time to time as counseling occurs." Sentencing Order, 7/16/13, at 1.

On December 14, 2015, over two years after sentencing, the Commonwealth filed a motion to amend restitution. The Commonwealth's motion stated that Jane Metzger, a witness to the crime who had not previously been reimbursed for counseling, now requested compensation for counseling she had received. Appellant objected to the motion, and the court held a hearing. At the hearing, Appellant's counsel protested the timeliness of Ms. Metzger's request. Counsel also objected to the classification of Ms. Metzger as a "victim" for purposes of Pennsylvania's statute governing restitution, 18 Pa.C.S.A. § 1106.

The court held that the motion was not subject to time constraints, given the language permitting amendment of the order "from time to time as the counseling occurs." Sentencing Order, 7/16/13, at 1. The court granted the Commonwealth's motion and amended its order directing Appellant to pay $1,427.20 to the Victim's Compensation Assistance

- 2 -

Program for Ms. Metzger's counseling expenses. Appellant timely appealed. After our Court remanded for a *Grazier* hearing, the court appointed counsel. Appellant's case is now before us.

On appeal, Appellant argues the trial court erred in granting the Commonwealth's motion to amend the order, because Ms. Metzger is not a "victim" as defined by 18 P.S. § 11.103 and incorporated by 18 Pa.C.S.A. § 1106. Appellant indicates the statute only permits recovery of restitution by a direct victim, or a family member of a direct victim. Appellant contends that the statutory definition of a direct victim is someone against whom the crime has been committed or attempted; hence, Ms. Metzger would not qualify as a direct victim. Appellant concludes this Court must reverse the trial court's order amending the restitution amount.

"It is well settled that a challenge to a court's authority to impose restitution is generally considered to be a challenge to the legality of the sentence." *Commonwealth v. Gentry*, 101 A.3d 813, 816 (Pa. Super. 2014) (citation omitted). In a challenge to the legality of sentence, our standard of review is whether the sentencing court committed an error of law. *Commonwealth v. Dietrich*, 970 A.2d 1131, 1133 (Pa. 2009) (citation omitted).

"The imposition of restitution is within the sound discretion of the sentencing court and must be supported by the record." *Commonwealth v. Solomon*, 25 A.3d 380, 389 (Pa. Super. 2011) (citation omitted). "[T]he primary purpose of restitution is rehabilitation of the offender by impressing

upon him that his criminal conduct caused the victim's loss or personal injury and that it is [the offender's] responsibility to repair the loss or injury as far as possible." **Commonwealth v. Biauce**, ___ A.3d ___, ___ (Pa. Super., filed May 15, 2017) (brackets in original) (citation omitted).

"The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim … alter or amend any order of restitution … provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order." 18 Pa.C.S.A. § 1106(c)(3). Thus, Section 1106(c)(3) explicitly permits the court to modify the restitution amount, provided it expresses its reasons for doing so on the record. **See Commonwealth v. Dietrich**, 970 A.2d 1131, 1135 (Pa. 2009). Additionally, the statute specifically does not impose time constraints for such modifications. **See id**.

Thus, the court is not under time constraints for altering the order of restitution, provided it states its reasons for modification. **See id**. However, the court's discretion is far narrower when determining who qualifies as a recipient of restitution. Recipients must belong to one of four statutorily defined categories.

"[R]estitution is not meant to be a reimbursement system to third parties but rather a compensation system to 'victims' *as that term is defined by the statute*." **Solomon**, 25 A.3d at 390 (emphasis added) (citation omitted). The statute reads:

- 4 -

**"Victim."** The term means the following:

(1) A direct victim.

(2) A parent or legal guardian of a child who is a direct victim, except when the parent or legal guardian of the child is the alleged offender.

(3) A minor child who is a material witness to any of the following crimes and offenses under 18 Pa.C.S. (relating to crimes and offenses) committed or attempted against a member of the child's family:

Chapter 25 (relating to criminal homicide).

Section 2702 (relating to aggravated assault).

Section 3121 (relating to rape).

(4) A family member of a homicide victim, including stepbrothers or stepsisters, stepchildren, stepparents or a fiancé, one of whom is to be identified to receive communication as provided for in this act, except where the family member is the alleged offender.

18 P.S. § 11.103.

In addition:

**"Direct victim."** An individual against whom a crime has been committed or attempted and who as a direct result of the criminal act or attempt suffers physical or mental injury, death or the loss of earnings under this act. The term shall not include the alleged offender. The term includes a resident of this Commonwealth against whom an act has been committed or attempted which otherwise would constitute a crime as defined in this act but for its occurrence in a location other than this Commonwealth and for which the individual would otherwise be compensated by the crime victim compensation program of the location where the act occurred but for the ineligibility of such program under the provisions of the Victims of Crime Act of 1984.

*Id*. (citation omitted).

In its brief, the Commonwealth argues Appellant expressly agreed to the characterization of the witnesses to his crime as "victims" for purposes of restitution. The Commonwealth maintains the statutory definition is irrelevant for our purposes, as Appellant's understanding and assent to the sentencing court's definition of the term was evident. The Commonwealth asserts that Ms. Metzger is therefore entitled to restitution for her counseling expenses, as Appellant previously agreed to this as a term of his sentence. We disagree.

"When counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement[.]" Pa.R.Crim.P. 590(B)(1). "So long as the limits of the agreement are plainly set forth on the record, understood and agreed to by the parties, and approved by the trial court, we find no impediment in [] the offer, acceptance, performance or enforcement of such plea agreements." ***Commonwealth v. Parsons***, 969 A.2d 1259, 1267 (Pa. Super. 2009) (*en banc*) (citation omitted).

"Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement." *Id*. at 1268. However, "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.

An illegal sentence must be vacated." ***Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citation omitted).

The Commonwealth is correct that Appellant did agree to the terms of the plea bargain before presenting it to the court. At sentencing, the court repeatedly referred to parishioners who witnessed Appellant's murder of his wife as "victims" of his crime. Ms. Metzger was a witness of Appellant's crime, who did receive counseling following the incident. While Ms. Metzger was not an actual victim of the murder Appellant committed, the transcripts make it evident that all parties understood the word "victims" in the restitution order to refer to the witnesses to Appellant's criminal act.

Nevertheless, we are constrained to find that Ms. Metzger cannot be deemed a "victim" under the precise, defined meaning of the restitution statute. Appellant pled guilty to first-degree murder. The victim of that crime was his ex-wife, who died during the shooting. Appellant was initially charged with recklessly endangering another person, simple assault, and other crimes against the witnesses involved here. ***See*** Criminal Information, filed 4/10/13, at 1. However, the Commonwealth chose not to prosecute Appellant on those charges as part of the plea agreement. ***See*** Plea Agreement, filed 6/5/13, at 1-2. Thus, the only *direct* victim of Appellant's crime was his ex-wife, as she was the only person against whom Appellant committed the crime for which he was convicted. ***See*** 18 P.S. § 11.103.

While Ms. Metzger is certainly an indirect victim of Appellant's criminal act, she does not qualify as a direct victim for purposes of restitution. ***See***

*id*. She is also precluded from the statute's other definitions of a victim, as she is not and does not claim to be related to the murder victim. ***See id***. Consequently, despite Appellant's initial assent to this provision of his sentence as part of his plea, the sentencing court's imposition of restitution for the witnesses of Appellant's crime is invalid. ***See Commonwealth v. Gentry***, 101 A.3d 813, 819 (Pa. Super. 2014) (citation omitted) ("Our cases clearly state that a criminal defendant cannot agree to an illegal sentence, so the fact that the illegality was a term of [the defendant's] plea bargain is of no legal significance.") Accordingly, we reverse the February 29 order.

The order of restitution portion of the judgment of sentence includes matters outside the scope of this decision. As our decision finds a portion of that order illegal, "the appropriate remedy is for the trial court to have an opportunity to impose a new restitution order." ***Id***. On remand, the trial court shall vacate the order of restitution portion of the judgment of sentence and conduct a new sentencing hearing, limited to the issue of restitution. ***See id***.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/15/2017</u>