579 A.2d 398

**COMMONWEALTH of Pennsylvania**

v.

**Angel TORRES, Appellant.**

Superior Court of Pennsylvania.

Submitted July 9, 1990.

Filed Aug. 13, 1990.

Jack E. Grayer, Erie, for appellant.

Douglas J. Wright, Asst. Dist. Atty., Girard, for Com., appellee.

Before TAMILIA, JOHNSON and CERCONE, JJ.

TAMILIA, Judge:

Following a jury trial in September of 1988, appellant, Angel Torres, was convicted of aggravated assault (18 Pa.C.S. § 2702(a)(1)),[1] recklessly endangering another person (18 Pa.C.S. § 2705) and receiving stolen property (18 Pa.C.S. § 3925). Although Mr. Torres at that time was properly advised of his right to file motions for new trial and in arrest of judgment and the consequences of failing to do so, no post-verdict motions were filed. Mr. Torres was sentenced on November 15, 1988 to seven and one-half (7½) to fifteen (15) years incarceration for the aggravated assault, five (5) years probation plus costs for the receiving stolen property (consecutive to the incarceration) and costs only for count two, recklessly endangering another person. Appellant was also ordered to make restitution. Neither a motion for reconsideration nor a direct appeal was filed

---

**1.** We note that although the victim of the aggravated assault was a police officer, appellant was charged under 18 Pa.C.S. § 2702(a)(1) rather than (a)(2) which specifically concerns police officers as victims. As convictions under both sections are graded as felonies of the first degree, however, there is no effect on the propriety of the sentence.

following sentencing. A pro se petition requesting collateral post-conviction relief was filed on January 3, 1989, and Bronislaw Sliwinski, Esq., was appointed to represent appellant.[2] Mr. Sliwinski was granted permission to withdraw from the case on March 30, 1989 due to the closing of his law office. Six months later, current counsel, Jack E. Grayer, was appointed. Mr. Grayer filed an amended petition seeking post-conviction relief which was denied without a hearing by the court on January 23, 1990. This appeal timely followed.

The basic facts underlying this appeal are contained in appellant's brief as follows:

A[n] Erie police officer responded to a request for backup at 520 W. 18th St., Erie, Pa. He encountered defendant who complained that someone was trying to kill him. The police officer testified that he stepped into a hallway, the defendant emerged from his room, this time holding a 32 automatic pistol, which he raised to the officers chest level and pulled the trigger, the gun did not fire, (NT, 23–26).

The revolver found in possession of defendant was at one time the property of a Mr. B., who testified that the gun has [sic] been taken from the glove compartment of his car, (NT, 45).

Defendant who is a Spanish speaking [sic] testified through an interpreter as to threats to his life at the scene of the criminal episode, and that he misunderstood the police officer in respect to instruction about the gun, that he did not point the revolver at the officer, (NT, 72).

Appellant's brief at pp. 5–6.

On appeal, appellant offers two broad issues for our review: 1) Did the court below err in failing to grant an evidentiary hearing on whether defendant had waived his appellate rights? and 2) Did the PCRA Court err in re-

2. Although captioned a Post Conviction Hearing Act Petition, the petition was actually filed under the Post Conviction Relief Act, effective April 13, 1988.

fusing to permit defendant to file a motion for reconsideration or modification of sentence?

Prior to addressing those two issues, we believe it is important, in the interests of justice and judicial economy (so as to prevent appellant from later claiming the ineffectiveness of present counsel), to comment briefly on the other issues preserved for appeal in the pro se and amended PCRA petitions. These issues concern alleged pretrial and trial errors, i.e. suppression of appellant's statements to police (pro se PCHA petition # 9), hearsay (although appellant does not reveal the content of the alleged hearsay, a review of the trial transcript reveals no instances of inadmissible hearsay constituting error) (pro se PCHA petition # 12) and weight of the evidence as to the element of intent necessary for aggravated assault (amended PCRA petition, g). We have carefully reviewed these allegations of error and find them to be without merit. We will also take this opportunity to address a contention contained in the amended PCRA petition and the "summary of the argument" portion of appellant's brief but not in the argument portion thereof. We agree with the trial court's disposition of this issue in its Opinion:

Petitioner next claims that this Court erred in instructing the jury regarding the charge of Aggravated Assault. The Court instructed as follows:

There is one other element or one other factor here. That at the time of the defendant's act, the police officer was making or attempting to make a lawful arrest. I instruct you in the case the arrest the officer was attempting, the arrest was indeed lawful.

(N.T. 9/12/88, p. 129).

Petitioner complains that because this Court did not use the words "in the performance of his duty" instead of "making or attempting to make a lawful arrest" the Court erred and trial counsel was ineffective for not requesting a corrective instruction. Both claims are meritless. The Court first notes that the distinction between the phrases. [sic] on the facts of the present case, is de

minimis. Furthermore, the former instruction is broader than the one actually given by the Court and, if anything, the defendant benefited by this Court's instruction. There was, therefore no error. Even assuming error existed, (a significant assumption) any error was harmless in light of the fact that it was the more limited instruction that was actually given. *Commonwealth v. Haight,* 514 Pa. 438, 525 A.2d 1199 (1987) (citing *Commonwealth v. Story,* 476 Pa. 391, 383 A.2d 155 (1978)). Additionally, the Court notes that since no objection was made at the time, any claim of error is waived, *Commonwealth v. DeBooth,* 379 Pa.[Super.] 522, 550 A.2d 570 (1988), and mere allegations of ineffectiveness cannot remedy the consequences of failing to object. [*Commonwealth v.*] *Silvis,* [307 Pa.Super. 75, 452 A.2d 1045 (1982)].[1] Any claims relative to the above stated instruction are completely without merit.[2]

---

[1] Regarding petitioner's ineffectiveness claim on this issue, in light of the record a reasonable basis for failing to object can easily be found.

[2] Petitioner also alleges trial counsel's failure to object to the instruction at time at issue as a basis for counsel's ineffectiveness. The allegation is a classic example of a boilerplate ineffectiveness claim. Not only does the basis for the claim (failure to object) lack any merit but counsel's inaction was reasonably based. Finally, the petitioner, if anything, benefited from the narrower definition of assault, and certaily [sic] based on the facts of the case cannot show any prejudice since it is clear from the evidence the officer was indeed acting "in the performance of his duty."

(Slip Op., Connelly, J., 1/23/90, pp. 5–6.) Although we agree with the trial court that appellant was not prejudiced by the use of the words "making or attempting to make a lawful arrest" instead of "in the performance of his duty," it is important to emphasize that *neither* of these two phrases was necessary to the charge. As we indicated in footnote 1, *supra,* appellant *was not* charged with an assault upon a police officer (18 Pa.C.S. § 2702(a)(2) or (3)). He was charged with aggravated assault under section 2702(a)(1), which goes to *any* person—*not* specifically a police officer. The Commonwealth in this case inadvertently stripped the victim police officer of the special protec-

tions he is afforded by statutes such as 18 Pa.C.S. § 2702. Moreover, the Commonwealth's brief does not even mention this issue, just as it failed to address other issues presented by this appeal. *See* footnote 4, *infra*.

As to appellant's first allegation of error regarding the trial court's failure to grant an evidentiary hearing regarding the alleged waiver of appellate rights, while we agree that some of the trial judge's and prosecutor's statements regarding the court's "providing of an attorney" for an appeal could *possibly* be misunderstood, the court's closing statement to appellant, as well as his response, was perfectly clear—"Now, if you can't afford an attorney you contact the Court immediately and we'll contact the proper officials here to have an attorney appointed for you, because if you want to take an appeal or question this sentence you'll have to do it in writing within ten days; do you understand that? Mr. Torres: Yes, sir." (S.T., 11/15/89, p. 8.) This instruction should have made it evident appellant had a duty to act in order to have an attorney appointed, but in any event, as we are now taking the opportunity to address all of appellant's allegations of error, he suffers no prejudice and remand for appeal nunc pro tunc is not necessary.

We also find no merit to appellant's claim he should have been provided with translation services at sentencing as he was at trial. Initially, our review of the transcript shows no hesitancy on appellant's part in responding appropriately to the court's questions; moreover, appellant is familiar with the criminal process. Most importantly, however, is the appellant's failure to request a translator when he realized none was available. He was asked three times if he had any questions regarding the proceeding (S.T. at pp. 3, 4, 6). Each time he responded appropriately and did not indicate any lack of understanding. The appropriate time to request an interpreter is when one is needed, not later when results of a proceeding are unfavorable to one's position. We do not agree with appellant that it was his counsel's responsibility to say appellant did not understand. Appellant had numerous opportunities to do so himself.

In summary, as to appellant's first allegation of error, we find no merit—counsel was not ineffective at trial or sentencing; the transcript reveals appellant was told he was required to initiate the process of obtaining a court-appointed attorney; appellant was not hampered or prejudiced by the lack of translation services at sentencing; and appellant now has not been prejudiced by the lack of an evidentiary hearing as to his waiver of appellate rights because we have considered and found all of his allegations of error to be without merit.

Appellant's second argument alleges error by the trial court in refusing to permit him to file a motion for the reconsideration or modification of sentence nunc pro tunc after such permission was requested in his Post Conviction Relief Act petition. Because we find the sentencing court erred in ordering restitution without making the appropriate inquiries as to ability to pay, we agree the court erred in denying appellant the right to file a post-sentencing motion nunc pro tunc.

The relevant portion of the statute regulating restitution provides as follows:

**§ 1106. Restitution for injuries to person or property**

(a) **General rule.**—Upon conviction for any crime ... wherein the victim suffered personal injury directly resulting from the crime, the offender may be sentenced to make restitution in addition to the punishment prescribed therefor.

. . . .

(c) **Authority of sentencing court.**—In determining whether to order restitution as a part of the sentence or as a condition of probation or parole, the court:

(1) Shall consider the extent of injury suffered by the victim and such other matters as it deems appropriate.

(2) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just, provided that the period of time during which the offender is ordered to make restitution shall

not exceed the maximum term of imprisonment to which the offender could have been sentenced for the crime of which he was convicted.

(3) May at any time alter or amend any order of restitution made pursuant to this section providing, however, that the court state its reasons and conclusions as a matter of record for any change or amendment to any previous order.

18 Pa.C.S. § 1106.

It is evident that in this case the sentencing court failed to comply with section 1106. The court's entire statement as to restitution was: "There's quite a bit of money involved with the medical expenses involved. They're up over a couple thousand dollars now, but you'll have to pay all the restitution back." (S.T., 11/15/88, p. 8.)

Since an order of restitution is a sentence, whether it is imposed as a direct sentence or as a condition of probation or parole, it must be supported by the record. Among the things the sentencing court must consider on the record are: the extent of the injury suffered, see 18 Pa.C.S. § 1106(c)(1); the fact that the defendant's action caused the injury and that he will be able to pay for it, and the type of payment—lump sum or installment—that will best serve the needs of the victim and the capabilities of the defendant. See 18 Pa.C.S. § 1106(c)(1). [Citations omitted.]

*Commonwealth v. Hainsey,* 379 Pa.Super. 376, 388–389, 550 A.2d 207, 213 (1988) *quoting Commonwealth v. Fuqua,* 267 Pa.Super. 504, 510, 407 A.2d 24, 27 (1979).

Restitution has, as its primary purpose, the rehabilitation of the defendant. *Commonwealth v. Cannon,* 387 Pa.Super. 12, 563 A.2d 918 (1989); *Commonwealth v. Celane,* 311 Pa.Super. 93, 457 A.2d 509 (1982). An additional purpose of remand is to provide the complainant with some measure of redress. *Commonwealth v. Melnyk,* 378 Pa.Super. 42, 548 A.2d 266 (1988). As the sentencing court in this case neglected to comply with statutory and case law in ordering appellant to pay restitution, we are constrained to vacate

that portion of the sentence and remand for resentencing as to restitution only. "[T]he court in imposing restitution must make sure that the amount awarded not only does not exceed damages to the victim, but also does not exceed the [appellant's] ability to pay." *Celane, supra* at 102, 457 A.2d at 514, citing *Commonwealth v. Erb,* 286 Pa.Super. 65, 428 A.2d 574 (1981), and *Fuqua, supra.*

As to part (b) of appellant's second allegation of error, appellant argues excessiveness of sentence and an abuse of discretion by the trial court in that it failed to consider evidence in mitigation of sentence. This argument focuses on the fact appellant was not given an opportunity of allocution *prior to* the imposition of sentence as is required by *Commonwealth v. Thomas,* 520 Pa. 206, 553 A.2d 918 (1989).

Pennsylvania Rule of Criminal Procedure 1405, effective since 1973, provides in pertinent part:

**Rule 1405. Sentencing Proceeding**

At the time of sentencing, the judge shall:

(a) afford the defendant the opportunity to make a statement in his own behalf and afford counsel for both parties an opportunity to present argument and information relative to sentencing[.]

While it is undisputed Rule 1405 was in effect at the time appellant was sentenced, unfortunately, for appellant, the interpretation of the rule, as promulgated by *Thomas, supra,* was not.

Our Supreme Court in *Thomas* discussed the history of "ancient inquiry," the right of a defendant to personally address the court *prior to* sentencing. This right, historically, was the means by which an accused could speak for himself—plead for mercy. Although Rule 1405 provides only that a defendant has a right to speak *at the sentencing* proceeding, the Court in *Thomas* interpreted it to mean *prior* to sentencing.

Since a trial judge will not know in most cases whether a defendant is aware of his right to address the court prior

to sentencing, but Rule 1405 requires the court to afford the defendant an opportunity to speak, we understand Rule 1405 to require the trial court to inform the defendant of his right to speak *prior to sentencing.*

. . . .

The ruling in this case *shall not be retroactively applied to any case other than the present case.*

*Id.,* 520 Pa. at 209–210, 553 A.2d at 918 (emphasis supplied). *See Commonwealth v. Melvin,* 392 Pa.Super. 224, 572 A.2d 773 (1990). As *Thomas, supra,* was decided on February 1, 1989, and appellant herein was sentenced on November 15, 1988, *Thomas* is not applicable. Appellant's argument, therefore, is without merit since he did have an opportunity to speak at the sentencing proceeding—albeit after the sentence was imposed,[3] which is all that was required by Rule 1405 at that time. We find no merit, therefore, to appellant's argument as to his right to allocution prior to sentencing.

As to appellant's general, sweeping statements regarding the failure of sentencing counsel to articulate evidence of personal background, circumstances of the crime as related to appellant's intoxication and his confusion, we find no arguable merit. The sentencing judge had the benefit of a presentence report which we can assume he considered even if at sentencing he failed to mention all of the details contained therein.

Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.

\* \* \* \* \* \*

3. Appellant's entire statement consisted of the following: "Yeah, if the police officer would tell the truth I wouldn't be here right now because he's lying." (S.T., 11/15/88, p. 9.)

Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Devers,* 519 Pa. 88, 101–102, 546 A.2d 12, 18 (1988). With regard to the circumstances of the crime, these were fully developed in the jury trial and the jury, as fact finders, chose to believe the police officer's version of events when it convicted appellant.

Having found error by the trial court only as to the sentence of restitution, we vacate only that portion of the sentence. The sentence of incarceration is affirmed.[4]

The Order denying PCRA relief is reversed to the extent resentencing on the restitution portion of the judgment of sentence is required. Case remanded for proceedings consistent with this Opinion.

Jurisdiction relinquished.

---

**4.** We believe it is necessary to admonish the Commonwealth/appellee for its failure to file a brief which even begins to adequately discuss the issues before this Court on appeal. Appellee's brief, in fact, *did not even mention* the restitution or allocution issues, both of which have arguable merit.