J-S68020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JEREMIAH D. HELLER | |
| Appellant | No. 2010 WDA 2015 |

Appeal from the Order dated November 18, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007331-2014

BEFORE: SHOGAN, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.: **FILED NOVEMBER 23, 2016**

Appellant, Jeremiah Heller, appeals from an order dated November 18, 2015, that directs his payment of restitution relative to items stolen by Appellant from the home of his girlfriend and his girlfriend's grandfather. We affirm.

On November 20, 2014, Appellant pleaded guilty to one count of defiant trespasser – actual communication to actor, and two counts of theft by unlawful taking – movable property.[1] That same day, on one count of theft by unlawful taking, Appellant was sentenced to five years' probation

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3503(b)(1)(i) and 3921(a), respectively.

and ordered to pay restitution in the amount of $83,000.00; he received no further penalty on the remaining two counts.

On December 12, 2014, Appellant moved for a restitution hearing; on December 17, 2014, the trial court scheduled a hearing for January 28, 2015. During that hearing, the trial court admitted that it "can't answer the fundamental question why was it $83,000," it "[did]n't know how we came up with that amount," and "[t]here was nothing put on the record" explaining the amount. N.T., 1/28/15, at 9-10. The trial court granted a continuance in order "to make a more informed decision." *Id.* at 14.

After the hearing was rescheduled multiple times, it ultimately was convened on September 21, 2015. On November 18, 2015, the trial court ordered Appellant to pay $25,000.00 in restitution, rather than the $83,000.00 originally ordered. This appeal followed.

Appellant raises one issue for our review:

WHETHER THE TRIAL COURT ERRED IN SENTENCING APPELLANT PURSUANT TO 18 Pa. C.S.A. §1106 BY REQUIRING HIM TO PAY $25,000.00 IN RESTITUTION WHEN THE VALUE OF ITEMS REFERENCED WERE SPECULATED UPON AND THE ORDER WAS NOT SUPPORTED BY THE RECORD?

Appellant's Brief at 4.

Regarding challenges to a trial court's imposition of restitution, appellate courts have drawn a distinction between cases where the challenge is directed to the trial court's authority to impose restitution and cases where the challenge is premised upon a claim that the restitution ordered is

excessive. **Commonwealth v. Oree**, 911 A.2d 169, 173 (Pa. Super. 2006). "When the court's authority to impose restitution is challenged, it concerns the legality of the sentence; however, when the challenge is based on excessiveness, it concerns the discretionary aspects of the sentence." **Id.** "[C]hallenges concerning the amount of restitution involve the discretionary aspects of sentencing." **Commonwealth v. Pleger**, 934 A.2d 715, 719 (Pa. Super. 2007).

A challenge to the discretionary aspects of a sentence is not appealable as of right. **Commonwealth v. Luis Colon**, 102 A.3d 1033, 1042–1043 (Pa. Super. 2014), **appeal denied**, 109 A.3d 678 (Pa. 2015). Therefore, before we exercise jurisdiction to reach the merits of Appellant's issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) whether the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code. **Id.** Only if the appeal satisfies each of these four requirements may we proceed to decide the substantive merits of the case. **Id.**

Instantly, Appellant filed a timely notice of appeal and properly preserved his issue in his post-sentence motion. Additionally, Appellant's brief contains a concise statement of the reasons on which he relies.

Appellant's Brief at 10-11.[2]  Finally, in **Commonwealth v. Pappas**, 845

A.2d 829, 842 (Pa. Super. 2004), this Court held that a substantial question

is raised when an appellant argues that a sentence of restitution was not

supported by the record.  Thus, we will consider the substantive merits of

Appellant's sentencing claim.

A trial court has discretion when it sentences a defendant:

Sentencing is a matter vested in the sound discretion of the
sentencing judge, and a sentence will not be disturbed on appeal
absent a manifest abuse of discretion.  In this context, an abuse
of discretion is not shown merely by an error in judgment.
Rather, the appellant must establish, by reference to the record,
that the sentencing court ignored or misapplied the law,
exercised its judgment for reasons of partiality, prejudice, bias
or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2015), **appeal**

**denied**, 117 A.3d 297 (Pa. 2015) (citation omitted).  Here, the trial court

included a restitution requirement as part of Appellant's sentence, as

_____

[2] Appellate Rule 2119(f) requires that this statement provide "the reasons
relied on for allowance of appeal."  Appellant's statement cites
**Commonwealth v. Walker**, 666 A.2d 301, 307 (Pa. Super. 1995), for the
proposition "that a substantial question is raised when a defendant argues
that restitution was not supported by the record."  The Rule 2119(f)
Statement is otherwise bereft of any analysis or explanation.  Nevertheless,
in light of the argument made in the remainder of Appellant's brief, we
decline to dismiss this appeal on the basis of the statement's inadequacy.
**See Commonwealth v. Shugars**, 895 A.2d 1270, 1274 (Pa. Super. 2006)
(this Court may review an appellant's discretionary aspects of sentence
claims in instances where the Commonwealth has not objected to his or her
failure to include an adequate Rule 2119(f) statement in the appellate brief).
In the current appeal, the Commonwealth has not raised any objections in
its brief to the adequacy of Appellant's Rule 2119(f) Statement.

mandated by the Sentencing Code, 42 Pa. C.S. § 9721(c) ("the court shall order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained"). Where, as here, the crime is theft of property, the Crimes Code, 18 Pa. C.S. § 1106(a), provides that "the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor."

The statute mandates that the court order "full restitution," 18 Pa. C.S. § 1106(c)(1), and requires the district attorney to recommend an amount based on information received from the victim or "other available information," *id.* § 1106(c)(4). In setting the restitution amount, the trial court then "[s]hall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate." *Id.* § 1106(c)(2)(i). We have explained:

> Although restitution does not seek, by its essential nature, the compensation of the victim, the dollar value of the injury suffered by the victim as a result of the crime assists the court in calculating the appropriate amount of restitution. A restitution award must not exceed the victim's losses. A sentencing court must consider the victim's injuries, the victim's request as presented by the district attorney and such other matters as the court deems appropriate. The court must also ensure that the record contains the factual basis for the appropriate amount of restitution. In that way, the record will support the sentence.

*Pleger*, 934 A.2d at 720 (citations omitted).

Appellant argues that the amount of restitution ordered by the trial court — $25,000.00 — was based upon speculation and "not supported by

the record." Appellant's Brief at 4. After a thorough review of the record, we disagree.

During the restitution hearing, the Commonwealth presented two witnesses. The first was Pamela Mervos, the mother of one victim and the daughter of the other, who recounted what was taken from the home. According to Ms. Mervos, Appellant stole "a diamond pinkie ring," gold chains, money, "high school championship rings, a Steeler championship ring," "an 18-inch rope gold chain," "six gold bracelets," "various patterns," U.S. currency, and "a gold necklace with [a] gold cross." N.T., 9/21/15, at 12. Ms. Mervos was able to provide detailed descriptions of the stolen jewelry. *Id.* at 13. Ms. Mervos also provided written lists of the stolen items; she had previously given these lists to law enforcement. *Id.* at 12-13; Exs. 1-2. Additionally, she supplied seven photographs of herself or her father wearing the jewelry, as proof of its existence and of ownership. N.T., 9/21/15, at 14; Exs. 3-9.

The Commonwealth's second witness was David Lykens, who testified to having more than 30 years' experience as a jeweler. N.T., 9/21/15, at 18. Mr. Lykens was not called as an expert, but he offered testimony quantifying the value of the stolen items. Based on the descriptions provided by Ms. Mervos, Mr. Lykens referenced examples from industry guidebooks, which Ms. Mervos confirmed were approximate substitutes for

the stolen jewelry. *Id.* at 18-19. Mr. Lykens estimated that the total value of the stolen jewelry was $61,445.00. *Id.* at 22; Exs. 10-11.

After taking the matter under advisement, the trial court set the amount of restitution at $25,000.00. In its opinion, the trial court stated that it did not fully accept Mr. Lykens' estimated value of $61,445.00, because it was based on testimony by Ms. Mervos about details of the jewelry that were not proven to the court's satisfaction and that, as a result, would have caused Mr. Lykens to give the items a higher value than was appropriate. The trial court explained:

> The estimate was solely influenced by Ms. Mervos. Not that the Court disbelieved her regarding the items taken, the Court is simply not convinced that her description of the key determining factors (quality of gold, length of item, etc.) is as precise as what may have led to a higher figure. In essence, the Court believed some, but not all, of what Ms. Mervos said. This finding flowed naturally to not believing everything the jeweler/expert said.

Trial Court Opinion, 4/25/16, at 4. The trial court therefore discounted Mr. Lykens' estimate to $25,000.00 (a reduction of nearly 60%). We find no error in the trial court's decision.

Reiterating the holding of **Pleger**, we stated the following in **Commonwealth v. Atanasio**, 997 A.2d 1181, 1183 (Pa. Super. 2010):

> When fashioning an order of restitution, the lower court must ensure that the record contains the factual basis for the appropriate amount of restitution. **Commonwealth v. Pleger**, 934 A.2d 715, 720 (Pa.Super.2007). The dollar value of the injury suffered by the victim as a result of the crime assists the court in calculating the appropriate amount of restitution. **Id.**

> The amount of the restitution award may not be excessive or speculative.

Here, the record indicates that the trial court relied on the best factual evidence that was available in valuing the stolen items, while taking care that the amount not be excessive or speculative.

Appellant complains that the estimate by Mr. Lykens on which the trial court relied lacked the precision of a formal appraisal, but, since the items were stolen, no such appraisal was available or possible. Appellant provided no estimate or evidence of his own regarding the value of the stolen jewelry and relied primarily on an argument that the value must have been low because the victims' homeowner's insurance policy contained a rider that insured the jewelry for only $500.00. N.T., 9/21/15, at 16.

The trial court based its decision on the evidence that was presented to it: the court heard testimony from a victim to determine what was stolen, heard testimony from a jeweler estimating the value of those items, and then acted within its province as a fact-finder to make credibility determinations regarding the evidence that it heard. In doing so, the trial court was "free to believe all, part, or none of the evidence," *Commonwealth v. Cousar*, 928 A.2d 1025, 1033 (Pa. 2007). We are bound by the trial court's credibility determinations. *Commonwealth v. Baumhammers*, 92 A.3d 708 (Pa. 2014). The fact that the court discounted Mr. Lykens' estimate by 60% shows that the court carefully

considered the amount of restitution it would impose. We find no error or abuse of discretion by the trial court.

Appellant also argues that the restitution award is too high because the trial court "failed to fully consider Appellant's ability to pay $25,000.00 in restitution." Appellant's Brief at 19. In this regard, Appellant notes that he presented testimony that he had a limited ability to pay restitution because he was 25 years old and working for his brother's landscaping business approximately 40 hours per week, earning $12.00 per hour. N.T., 9/21/15, at 27, 29. Contrary to Appellant's argument, however, the trial court could not reduce the restitution award on the basis of this evidence. Rather, the court had to order restitution, "**[r]egardless of the current financial resources of the defendant**, so as to provide the victim with the fullest compensation for the loss." 18 Pa.C.S. § 1106(c)(1)(i) (emphasis added). Evidence about Appellant's ability to pay restitution thus has no bearing on the final amount of restitution ordered. *See Commonwealth v. Rush*, 909 A.2d 805, 811 (Pa. Super. 2006) (citing *Commonwealth v. Marshall Colon*, 708 A.2d 1279, 1282 (Pa. Super. 1998)) ("the court need not consider the defendant's ability to pay at the time of imposing restitution").[3]

---

[3] The contrary cases cited by Appellant — *Commonwealth v. Fuqua*, 407 A.2d 24 (Pa. 1987); *Commonwealth v. Valent*, 463 A.2d 1127, 1128 (Pa. Super. 1983); and *Commonwealth v. Wood*, 446 A.2d 948 (Pa. Super. 1982) — predate addition of the phrase "[r]egardless of the current financial resources of the defendant" to Section 1106 in 1995. Similarly, the one
*(Footnote Continued Next Page)*

Because the amount of restitution ordered by the trial court was supported by the record and not manifestly unreasonable, we find no basis to disturb the award.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2016

_(Footnote Continued)_ ───────────────

later opinion quoted by Appellant, **Commonwealth v. Wright**, 722 A.2d 157, 159 (Pa. Super. 1998), is referenced for this quotation from pre-1995 precedent:

> [A] court "must make sure that the amount awarded not only does not exceed damages to the victim, but also does not exceed the [appellant's] ability to pay." **Commonwealth v. Torres**, 396 Pa.Super. 573, 579-81, 579 A.2d 398, 401 (1990) (quoting **Commonwealth v. Celane**, 311 Pa.Super. 93, 102, 457 A.2d 509, 514 (1982)).

That pre-1995 precedent no longer is applicable.