J-A04031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIO MAURICE CLARK | : | |
| | : | No. 997 MDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence April 20, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005877-2016

BEFORE:  STABILE, J., NICHOLS, J., and RANSOM*, J.

MEMORANDUM BY RANSOM, J.:                    **FILED MARCH 27, 2018**

Appellant, Antonio Maurice Clark, appeals from the judgment of sentence[1] of six months of probation plus fines, costs and restitution in the amount of $7,723.75, imposed April 20, 2017, following a guilty plea resulting in his conviction for driving under the influence (general impairment), driving while operating privilege is suspended or revoked, and careless driving.[2]  We vacate and remand for resentencing.

_____

[1] Appellant purports to appeal from the order denying his post-sentence motion.  Appellant's appeal properly lies from the modified judgment of sentence entered on April 20, 2017, not the order denying his post-sentence motion.  **See Commonwealth v. Dreves**, 839 A.2d 1122, 1125 n.1 (Pa. Super. 2003) (*en banc*); **Commonwealth v. Broadie**, 489 A.2d 218, 220 (Pa. Super. 1985), *appeal denied*, (Pa. Oct. 21, 1985) ("A modified sentence constitutes a new sentence from the date of which the time for filing a notice of appeal will begin to run anew").

[2] 75 Pa.C.S. §§ 3802(a)(1), 1543(a), and 3714(a), respectively.

*   Retired Senior Judge assigned to the Superior Court.

The following factual and procedural history is garnered from the record. The instant convictions stem from a vehicle accident in August 2016, wherein Appellant damaged two vehicles and injuries resulted. Notes of Testimony (N.T.), 3/2/2017, at 2-3. On March 2, 2017, Appellant entered a guilty plea to driving under the influence, driving while operating privilege is suspended or revoked, and careless driving. *Id*. at 2-4. That same day, Appellant was sentenced to six months probation plus fines and costs. *Id*. at 5. A restitution hearing was scheduled for later that month. Following the hearing, Appellant was ordered to pay the $500 deductible of Kristen Brode, a victim who was present at the hearing, in restitution. N.T., 3/29/2017, at 2-3. The second victim in the incident, Quayshana Wiley, did not appear at the hearing. *Id*. at 2-6. The court specifically noted that it wanted to determine Appellant's restitution to Ms. Wiley less any amounts covered by insurance for her medical expenses or vehicle damage. *Id*. at 5-6. The Court granted the Commonwealth ten days to determine the amount of expenses for which Ms. Wiley would be responsible for payment out of pocket. *Id*.

In April 2017, the Commonwealth filed a motion to amend the restitution, requesting that Appellant pay $7,723.75 ($1,146.75 vehicle value + $6,577.00 medical bill) to Ms. Wiley. Commonwealth's Motion to Amend Restitution, 4/19/2017, at 2-8. The next day, the trial court granted the Commonwealth's motion by completing a suggested order the Commonwealth provided in its motion. Order of the Court, 4/20/2017. In May 2017, Appellant timely filed a post-sentence motion, averring that the amount ordered to be

paid to Ms. Wiley was excessive and violated Appellant's due process rights. Defendant's Post-sentence Motion, 5/2/2017, at 3-5. The Commonwealth filed a response. In June 2017, the court denied Appellant's post-sentence motion.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

Appellant presents the following questions for our review:

1. Whether the trial court lacked the jurisdiction to issue an order amending restitution fifty (50) days after sentencing, and if so, was that order the equivalent of an illegal sentence?

2. Whether the trial court erred when it denied Appellant's post-sentence motion for modification of sentence where Appellant's sentence of paying restitution in the amount of seven thousand seven hundred twenty-three dollars and seventy five cents ($7,723.75) is excessive and unreasonable such that it constitutes too severe a punishment in light of Appellant's rehabilitative needs and what is needed to protect the public?

3. Whether the trial court violated [Appellant's] due process rights in determining and ordering restitution without a hearing?

Appellant's Brief at 6.

In his first claim, Appellant raises a number of arguments in support of his challenge to the legality of his sentence. Appellant's Brief at 14-16. Appellant asserts that the trial court (1) lacked jurisdiction to amend his sentence fifty days after the imposition of his original sentence, (2) failed to order an amount of restitution at the time of sentencing, (3) failed to place its reasons for modification on the record, and that (4) there was no evidence of causation between Appellant's actions and the amount of restitution due to

Ms. Wiley. *Id*. Appellant has failed to support his assertions with citations to legal authority; therefore, his claims are under developed, and he risks waiver.[3] *Commonwealth v. Antidormi*, 84 A.3d 736 (Pa. Super. 2014) (Defendant waived his claim of error where he cited no legal authority to support his assertions and developed no cogent argument), *appeal denied* 95 A.3d 275 (Pa. 2014); Pa.R.A.P., Rule 2119.

Nevertheless, we note, "it is well settled that this Court may address the legality of a sentence *sua sponte*." *Commonwealth v. McCamey*, 154 A.3d 352, 357 (Pa. Super. 2017) (citing *Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013)). Our standard of review in a challenge to the legality of sentence is *de novo*, and our scope of review is plenary. *See Commonwealth v. Gentry*, 101 A.3d 813, 817 (Pa. Super. 2014).

Here, the trial court sought to impose restitution as part of Appellant's direct sentence, as evidenced by the court's reliance on 18 Pa.C.S. § 1106.

---

[3] Though raised for the first time on appeal, Appellant's claim challenging the legality of his sentence and his argument that the court lacked jurisdiction may be raised at any stage of proceedings. *See Commonwealth v. Jones*, 929 A.2d 205, 210 (Pa. 2007) ("challenges to subject matter jurisdiction cannot be waived" and may be raised at any stage of proceedings) (citing *Commonwealth v. Little*, 314 A.2d 270, 272 (Pa. 1974)); *Commonwealth v. Foster*, 17 A.3d 332, 334 n.1 (Pa. 2011) ("A challenge to the legality of sentence, however, need not be preserved and is never waivable.") (citing *In re M.W.*, 555 Pa. 505, 725 A.2d 729 (1999)).

*See* Trial Court Opinion, 8/1/2017, at 2.[4]  As our Supreme Court has explained:

> [R]estitution must properly be included in a sentence. ***Commonwealth v. Dinoia***, 801 A.2d 1254, 1257 n.1 (Pa. Super. 2002); ***Commonwealth v. Torres***, 579 A.2d 398, 401 (Pa. Super. 1990). Section 1106(c)(2) provides that "[a]t the time of sentencing the court shall specify the amount and method of restitution." 18 Pa.C.S. § 1106(c)(2).  Further, "[i]t shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered; ... based upon information solicited by the district attorney and received from the victim."  ***Id***., [18 Pa.C.S.] § 1106(c)(4)(i).  In ***Dinoia***, the Superior Court held these requirements "provide[ ] the defendant with certainty as to his sentence, and at the same time allow[ ]for subsequent modification [pursuant to § 1106(c)], if necessary."  ***Dinoia***, at 1257.

***Commonwealth v. Dietrich***, 970 A.2d 1131, 1134 (Pa. 2009) (some formatting added).  Failure to comply with Section 1106(c)(2) results in an illegal sentence.  ***Commonwealth v. Mariani***, 869 A.2d 484, 485-86 (Pa. Super. 2005) (invalidating trial court's order at the sentencing hearing which failed to specify both the amount and method of restitution and postponed determining same until after sentencing hearing); ***Commonwealth v. Deshong***, 850 A.2d 712, 715–16 (Pa. Super. 2004) (same) (citing ***Dinoia***,

---

[4] "Restitution is authorized under both the Crimes Code and under the Sentencing Code.  The Crimes Code, in 18 Pa.C.S. § 1106, controls restitution as a direct sentence.  The Sentencing Code, in 42 Pa.C.S. § 9754, permits a sentence of probation and offers a non-exclusive list of permissible conditions of probation, including restitution." ***Commonwealth v. Deshong***, 850 A.2d 712, 715–16 (Pa. Super. 2004).

801 A.2d at 1257 n.1); **Commonwealth v. Torres**, 579 A.2d 398, 401 (Pa. Super. 1990) (same).

Rather than setting the amount and method of restitution at the time of sentencing, the court ordered a subsequent hearing to determine the amount of restitution due each victim. N.T., 3/2/2017, at 5-6. As the court failed to comply with Section 1106(c)(2), Appellant's sentence is illegal. **Mariani**, 869 A.2d at 486-87.

Further, in its subsequent order, issued April 20, 2017, which modified the amount of restitution imposed, the court further erred. The Crimes Code provides restitution may be altered or amended at any time, provided that the court gives its reasons and conclusions for any change on the record. 18 Pa.C.S. § 1106(c)(3); **see also Dietrich**, 970 A.2d at 1135 (vacating and remanding amended restitution order where trial court's failure provide reasons for modification as a matter of record rendered the order out of compliance with 18 Pa.C.S. § 1106(c)(3)).

In the instant matter, the trial court has conceded that its April 20, 2017 order "did not contain a specific recitation of [its] reasoning." Trial Court Opinion, 8/1/2017 at 2-3. Accordingly, we are constrained to vacate Appellant's sentence on this ground as well. **Dietrich**, 970 A.2d at 1135; 18 Pa.C.S. § 1106(c)(3).

The court intended Appellant's sentence to consist of both probation and monetary elements that were not imposed contemporaneously. Thus, the

Appellant's sentence is illegal. *Mariani*, 869 A.2d at 486–87 ("[T]he illegality of one part invalidates the whole."). When a disposition by an appellate court alters the sentencing scheme, the entire sentence should be vacated and the matter remanded for resentencing. *Deshong*, 850 A.2d at 714 (citing *Commonwealth v. Goldhammer*, 517 A.2d 1280 (Pa. 1986), *Commonwealth v. Farone*, 808 A.2d 580 (Pa. Super. 2002)).[5]

Accordingly, we vacate the judgment of sentence as rendered final by the trial court's April 20, 2017 order and remand for resentencing in compliance with 18 Pa.C.S.A. § 1106(c).

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

_____

[5] At the restitution hearing and in its opinion, the trial court explicitly explained that it sought to consider amounts tendered from the victims' respective insurance companies to determine the amounts of restitution to be paid as a result of the accident. *See* N.T., 3/29/2017, at 2-6; Trial Court Opinion, 8/1/2017, at 2-3. This, too, is improper. *See* 18 Pa.C.S. § 1106(c)(1)(i) ("The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company."). In light of our disposition, we do not reach the merits of Appellant's remaining issue on appeal.

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2018