J-S27040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KATHLEEN J. VAN | : | |
| | : | |
| Appellant | : | No. 1791 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 25, 2018
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0001752-2017

BEFORE:   OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **FILED JULY 12, 2019**

Appellant, Kathleen J. Van, appeals from the aggregate judgment of sentence of 84 months of probation, which was imposed after her conviction at a bench trial for theft by unlawful taking or disposition of movable property.[1] We affirm Appellant's conviction, but we vacate the judgment of sentence and remand for resentencing in compliance with 18 Pa.C.S. § 1106(c).

"The charges arose from the theft of Pennsylvania [L]ottery instant" – *i.e.*, scratch-off – "game tickets from [Appellant]'s employer the EZ Shopper located in Beaverdale, Pennsylvania and owned by Daniel Miller (Miller)." Trial Court Opinion, filed February 28, 2019, at 1.  Appellant had been "employed by Miller at the EZ Shopper since he purchased the business in October

_____

[1] 18 Pa.C.S. § 3921(a).

*   Retired Senior Judge assigned to the Superior Court.

2016[,] and [Miller] installed security cameras within days of his becoming owner." *Id.* at 2. Miller also "instituted a policy of using one of his two cash registers solely for lottery transactions rather than comingling the lottery money and the general store money." *Id.* at 3. "Miller closed the business and filed for bankruptcy in February 2017 at which time he was notified by the Lottery that he owed $9,670.56 broken down as $212.21 for online games, such as Powerball and Daily Number games, and $9,458.35 for scratch off games." *Id.* Miller "obtained over 120 hours of video" from his security system; all other footage had been automatically re-written by the system, which "would record and save video until the hard drive was full at which point it would begin recording over the earliest video." *Id.* In the more than 120 hours of security camera footage, "the only employee taking lottery tickets and scratching them during [his or her] shift was [Appellant,]" and "[t]he video showed repeated instances of [Appellant] taking one or more instant game tickets without paying for them." *Id.* at 3-4.

On June 28, 2018, the trial court convicted Appellant of the theft by unlawful taking or disposition[2] and acquitted her of receiving stolen property and retail theft.[3] Appellant did not challenge the weight of the evidence nor

---

[2] *Id.*

[3] *Id.* §§ 3925(a) and 3929(a)(1), respectively. An additional charge of theft by failure to make required disposition of funds received, *id.* § 3927(a), was withdrawn by the Commonwealth at the close of its case. N.T., 6/28/2018, at 105.

- 2 -

motion for a new trial at the conclusion of trial. Except for a request for a continuance, which the trial court granted, Appellant did not file any motions between her trial and sentencing. On September 25, 2018, the trial court sentenced Appellant to serve 84 months of probation and to pay the costs of prosecution and a $300.00 administrative fee; the trial court deferred the determination of restitution.[4] On October 2, 2018, Appellant filed post-sentence motions – two motions for judgment of acquittal and a motion for new trial. The motion for new trial stated, in its entirety:

> A motion for new trial is also filed on behalf of [Appellant] in that there was no **sufficient** proof established at trial relative to the charge of theft, the amount taken and when same was taken. In addition the Commonwealth, by way of condensing the videotape to show a series of scratch offs on lottery tickets, wrongly influenced the Court by not showing the activity of other employees and the time element involved between the activity of [Appellant]. There was no direct proof relative to the theft or the amount taken as it relates to [Appellant].

Post Sentence Motion, 10/2/2018, at ¶ 3 (emphasis added).

Following a restitution hearing on December 6, 2018, Appellant was ordered to pay $9,458.35. The next day, the trial court denied Appellant's post-sentence motions.

---

[4] The notes of testimony from Appellant's sentencing hearing were not transcribed; there is nothing in the certified record to suggest that Appellant requested their transcription. "Ultimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials." Note to Pa.R.A.P. 1921. As in *Erie Insurance Exchange v. Moore*, 175 A.3d 999, 1005 (Pa. Super. 2017), *reargument denied* (January 24, 2018), *appeal granted on other grounds*, 189 A.3d 382 (Pa. 2018), "we lament the state of the record, which has encumbered our consideration of this appeal."

On December 17, 2018, Appellant filed this timely direct appeal. On December 31, 2018, Appellant filed the following statement of errors complained of on appeal:

> 1. Whether the Honorable Court erred in issuing a verdict which was **against the weight of the evidence** because there was no proof as to actual theft regarding any specific amount allegedly taken;
>
> 2. Whether the Honorable Court erred in issuing a verdict which was **against the weight of the evidence** because there was 120 hours of videotape evidence which was reduced to thirty-five (35) minutes and which was prejudicial to the Defendant, Kathleen J. Van, and proved nothing except to show the fact that Defendant, Kathleen J. Van, scratched off lottery tickets but had no reference to the amount, type or the number specifically alleged to have been scratched nor has there been any reference as to what number of tickets were winners or losers and actually showed nothing except the actual scratching of the tickets;
>
> 3) Whether the Honorable Court erred in issuing a verdict which was **against the evidence** as there is no proof relative to the amount actually taken and the Honorable Court was simply asked to conclude from the amount owed at the end of the closing of the business in the middle of February as the amount allegedly taken by Defendant, Kathleen J. Van, without any proof whatsoever to establish that amount;
>
> 4) Whether the Honorable Court erred in issuing a verdict which was **against the evidence** as the reduction of the 120 hours of videotape to thirty-five (35) minutes of the entire showing of Defendant scratching lottery tickets was prejudicial and unduly influenced the Honorable Court by way of what Defendant, Kathleen J. Van, now refers to as a dirty trick.

- 4 -

Appellant's Concise Statement of Errors Complained of pursuant to Pennsylvania Rules of Appellate Procedure Rule 1925(b) ("Rule 1925(b) Statement"), 12/31/2018, at 1-2 ¶¶ 1-4 (emphasis added).[5]

Appellant now presents the following issues for our review:

I.    Whether or not the Trial Court erred in issuing a verdict which was against the **weight** and **sufficiency** of the evidence because there was no proof as to actual theft regarding any specific amount allegedly taken.

II.    Whether or not the Trial Court erred in issuing a verdict which was against the **weight** and **sufficiency** of the evidence because there was 120 hours of videotape evidence which was reduced to thirty-five (35) minutes and which was prejudicial to the Appellant and proved nothing except to show the fact that Appellant scratched off lottery tickets but had no reference to the amount, type or the number specifically alleged to have been scratched and had no reference as to what number of tickets were winners or losers and therefore actually showed nothing except the actual scratching of the tickets.

III.    Whether or not the Trial Court erred in issuing a verdict which was against the **weight** and **sufficiency** of the evidence as there is no proof relative to the amount actually taken and the Trial Court was simply asked to (and did in fact) conclude that from the amount owed at the end of the closing of the business in the middle of February to be the amount allegedly taken by Appellant, without proof whatsoever to establish said amount.

IV.    Whether or not the Trial Court erred in issuing a verdict which was against the **weight** and **sufficiency** of the evidence as the reduction of the 120 hours of videotape to thirty-five (35) minutes merely showing Appellant scratching lottery tickets was prejudicial and unduly influenced the Trial Court by way of what Appellant now refers to as a "dirty trick".

---

[5] The trial court entered its opinion on February 28, 2019.

Appellant's Brief at 9-10 ¶¶ I.-IV. (emphasis added) (suggested answers omitted).[6]

As a preliminary matter, generally, a challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa.R.Crim.P. 607(A)(1)-(3) provides:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> (1) orally, on the record, at any time before sentencing;
>
> (2) by written motion at any time before sentencing; or
>
> (3) in a post-sentence motion.

A claim challenging the weight of the evidence generally cannot be raised for the first time in a Rule 1925(b) statement. *Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009) ("The fact that Appellant included an issue challenging the verdict on weight of the evidence grounds in his 1925(b) statement and the trial court addressed Appellant's weight claim in its Pa.R.A.P. 1925(a) opinion did not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion."). "An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim." *Commonwealth v. Weir*, 201 A.3d 163, 167 (Pa. Super. 2018); *see also* Comment to Pa.R.Crim.P. 607 ("The purpose of this rule is to make it clear

---

[6] In the "Argument" section of her brief to this Court, Appellant combines all of her weight and sufficiency claims, with no subdivisions. Appellant's Brief at 16-24. Failure to isolate each argument is in direct violation of Pa.R.A.P. 2119(a).

that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived.").

Instantly, Appellant failed to challenge the weight of the evidence orally, on the record, at the conclusion of her trial or at any time during her restitution hearing; we cannot determine whether Appellant challenged the weight of the evidence orally during her sentencing hearing, as she failed to have the notes of testimony from that hearing transcribed. ***See*** Pa.R.Crim.P. 607(A)(1). She also failed to file any written motions challenging the weight of the evidence at any time before sentencing. ***See*** Pa.R.Crim.P. 607(A)(2). Although Appellant filed a post-sentence motion for a new trial, that motion challenged the sufficiency of the evidence, not the weight of the evidence. Post Sentence Motion, 10/2/2018, at ¶ 3 (". . . in that there was no **sufficient** proof established at trial . . ." (emphasis added)). Weight of the evidence and sufficiency of the evidence are not the same concepts and are not interchangeable. ***See Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000) (delineating the distinctions between a claim challenging the sufficiency of the evidence and a claim that challenges the weight of the evidence). A challenge to the sufficiency of the evidence does not preserve a challenge to the weight of the evidence, and by challenging the sufficiency of the evidence in her post-sentence motion for new trial, Appellant failed to preserve a challenge to the weight of the evidence therein. ***See*** Pa.R.Crim.P. 607(A)(3). Rather, Appellant impermissibly raised her weight claims for the first time in her Rule 1925(b) Statement. ***See Sherwood***, 982 A.2d at 494.

Thus, all of her challenges to the weight of the evidence are waived. *See* Pa.R.Crim.P. 607(A); *Sherwood*, 982 A.2d at 494; *Weir*, 201 A.3d at 167.

Additionally, in her Rule 1925(b) Statement, Appellant explicitly only challenged the "weight of the evidence" on the bases that "there was no proof as to actual theft regarding any specific amount allegedly taken" and --

> there was 120 hours of videotape evidence which was reduced to thirty-five (35) minutes and which was prejudicial to the Defendant, Kathleen J. Van, and proved nothing except to show the fact that Defendant, Kathleen J. Van, scratched off lottery tickets but had no reference to the amount, type or the number specifically alleged to have been scratched nor has there been any reference as to what number of tickets were winners or losers and actually showed nothing except the actual scratching of the tickets.

Rule 1925(b) Statement, 12/31/2018, at 1 ¶¶ 1-2. She did not challenge the sufficiency of the evidence pursuant to these arguments, *see id.*, and, as noted above, weight and sufficiency challenges are not interchangeable. *See Widmer*, 744 A.2d at 751. Appellant hence failed to preserve her challenge to the sufficiency of the evidence on these bases in her Rule 1925(b) Statement, and, therefore, her first and second claims raised in her brief are also waived. *Compare* Rule 1925(b) Statement, 12/31/2018, at 1 ¶¶ 1-2 *with* Appellant's Brief at 9 ¶¶ I.-II; *see* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Proctor*, 156 A.3d 261, 267 (Pa. Super. 2017) ("it is well-settled that issues that are not set forth in an appellant's statement of matters complained of on appeal are deemed waived" (citation and internal brackets and quotation marks omitted)).

- 8 -

As for Appellant's third and fourth challenges, we believe that the language in both paragraphs 3 and 4 of her Rule 1925(b) Statement that the "verdict . . . was against the evidence" implies a challenge to the weight of the evidence and not the sufficiency of the evidence. Rule 1925(b) Statement, 12/31/2018, at 1-2 ¶¶ 3-4. For the reasons given above, these issues would hence be waived. **See** Pa.R.Crim.P. 607(A); **Sherwood**, 982 A.2d at 494; **Weir**, 201 A.3d at 167.

Assuming *arguendo* that paragraphs 3 and 4 were raising sufficiency claims, we note that, "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." **In re J.G.**, 145 A.3d 1179, 1189 (Pa. Super. 2016) (citation omitted). In her Rule 1925(b) Statement, reproduced in its entirety above, Appellant does not state with specificity the element or elements upon which she alleges that the evidence was insufficient. Rule 1925(b) Statement, 12/31/2018, at 1-2 ¶¶ 3-4. Appellant has therefore failed to preserve her third and fourth challenges to the sufficiency of the evidence. **See J.G.**, 145 A.3d at 1189. Accordingly, all of the issues raised by Appellant on appeal are without merit.[7]

_____

[7] Assuming we were to address Appellant's first and third issues concerning the sufficiency of the evidence of the amount taken, Appellant's Brief at 9 ¶¶ I., III., we would note that Appellant was convicted of theft by unlawful

However, in the current action, the trial court sought to impose restitution as part of Appellant's direct sentence, as evidenced by the court's reliance on 18 Pa.C.S. § 1106. **See** Trial Court Opinion, filed February 28, 2019, at 7.[8] "Recognizing that an award of restitution relates to the legality of a sentence, we note that legality of sentence issues may be reviewed *sua sponte* by this Court." **Commonwealth v. Tanner**, 205 A.3d 388, 398 (Pa. Super. 2019) (citation and internal quotation marks omitted); **see also Commonwealth v. McCamey**, 154 A.3d 352, 357 (Pa. Super. 2017) (citing

_____

taking or disposition of movable property pursuant to 18 Pa.C.S. § 3921(a), and "[n]either Section 3921 which details the crime nor Section 3901 which describes the [movable] property contains the element of value. We believe, therefore, that value is not an essential element of the crime of theft." **Commonwealth v. McKennion**, 340 A.2d 889, 891 (Pa. Super. 1975); **see also Commonwealth v. Rosenzweig**, 522 A.2d 1088, 1092 (Pa. 1987) (monetary loss is not element of theft by unlawful taking or disposition); **Commonwealth v. Mathis**, 463 A.2d 1167, 1170 (Pa. Super. 1983) ("valuation does not go to the guilt or innocence of a theft defendant"). Although **Rosenzweig** and **Mathis** are more than three decades old and **McKennion** is more than four decades old, neither 18 Pa.C.S. § 3921 nor the definition of "movable property" in 18 Pa.C.S. § 3901 has changed since 1973. Thus, assuming Appellant's first and third questions regarding sufficiency of the evidence were not waived, we would still find them to be meritless.

[8]     Restitution is authorized under both the Crimes Code and under the Sentencing Code. The Crimes Code, in 18 Pa.C.S. § 1106, controls restitution as a direct sentence. The Sentencing Code, in 42 Pa.C.S. § 9754, permits a sentence of probation and offers a non-exclusive list of permissible conditions of probation, including restitution.

**Commonwealth v. Deshong**, 850 A.2d 712, 715–16 (Pa. Super. 2004).

*Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013)) ("it is well settled that this Court may address the legality of a sentence *sua sponte*").

"When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Seskey*, 170 A.3d 1105, 1107 (Pa. Super. 2017).

Our Supreme Court has explained:

> [R]estitution must properly be included in a sentence. *Commonwealth v. Dinoia*, 801 A.2d 1254, 1257 n.1 (Pa. Super. 2002); *Commonwealth v. Torres*, 579 A.2d 398, 401 (Pa. Super. 1990). Section 1106(c)(2) provides that "[a]t the time of sentencing the court shall specify the amount and method of restitution." 18 Pa.C.S. § 1106(c)(2). Further, "[i]t shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered; ... based upon information solicited by the district attorney and received from the victim." *Id*., [18 Pa.C.S.] § 1106(c)(4)(i). In *Dinoia*, the Superior Court held these requirements "provide[ ] the defendant with certainty as to his sentence, and at the same time allow[ ]for subsequent modification [pursuant to § 1106(c)], if necessary." *Dinoia*, at 1257.

*Commonwealth v. Dietrich*, 970 A.2d 1131, 1134 (Pa. 2009) (some formatting added). Failure to comply with Section 1106(c)(2) results in an illegal sentence. *Commonwealth v. Mariani*, 869 A.2d 484, 485-86 (Pa. Super. 2005) (invalidating trial court's order at the sentencing hearing which failed to specify both the amount and method of restitution and postponed determining same until after sentencing hearing); *Commonwealth v. Deshong*, 850 A.2d 712, 715–16 (Pa. Super. 2004) (citing *Commonwealth v. Dinoia*, 801 A.2d 1257, 1257 n.1 (Pa. Super. 2002)) (same); *Commonwealth v. Torres*, 579 A.2d 398, 401 (Pa. Super. 1990) (same).

In the current appeal, rather than setting the amount and method of restitution at the time of sentencing, the trial court ordered a subsequent hearing to determine the amount of restitution due. As the trial court failed to comply with Section 1106(c)(2), Appellant's sentence is illegal. *Mariani*, 869 A.2d at 486-87 ("[T]he illegality of one part invalidates the whole."). When a disposition by an appellate court alters the sentencing scheme, the entire sentence should be vacated, and the matter remanded for resentencing. *Deshong*, 850 A.2d at 714 (citing *Commonwealth v. Goldhammer,* 517 A.2d 1280 (Pa. 1986); *Commonwealth v. Farone*, 808 A.2d 580 (Pa. Super. 2002)). Accordingly, we vacate the judgment of sentence and remand for resentencing in compliance with 18 Pa.C.S. § 1106(c).[9]

Conviction affirmed. Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

---

[9] Upon resentencing, we advise the trial court to consider the following tenets:

> Pursuant to Section 1106, the Commonwealth is responsible for making a recommendation to the sentencing court as to the amount of the restitution to be ordered based on information provided by the victim or other available information. 18 Pa.C.S. § 1106(c)(4)(i)-(ii). "[R]estitution is proper only if there is a direct causal connection between the crime and the loss." *Commonwealth v. Harriott*, 919 A.2d 234, 238 (Pa. Super. 2007). "Because restitution is a sentence, the amount ordered must be supported by the record, and may not be speculative." []*Weir*, 201 A.3d [at] 171[.] In addition, the amount of restitution awarded "must be determined under the adversarial system with considerations of due process." *Id.*

*Commonwealth v. Lekka*, 2019 PA Super 155, *26-*27 (filed May 10, 2019).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/12/2019</u>